CHANCERY.    **J. Caldwell's Executors *vs* Kinkead *et al.***

*Case* 73.                APPEAL FROM THE BATH CIRCUIT.

*Devises.    Legacies.    Distribution.    Practice in Chancery.    Interest.*

*April* 28.    CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE appellants, as the executors of *James Caldwell*, deceased, urge, on a multitude of grounds, the reversal of sundry distributive decrees rendered against them, in favor of the executors and some of the legatees of *William Caldwell*, deceased, and of the legatees also of the said testator, *James*, in a suit in Chancery, in which the said executors and legatees of the testator, *William*, were complainants, and all the other parties were made defendants.

Of the various errors alleged in a voluminous assignment, we deem it necessary to notice specially the following only:

The object of the
bill.

I. The principle object of the bill was to obtain a decree for restitution of assets which had been delivered by the executors of *William Caldwell* to *James Caldwell*, as a residuary legatee, the said executors having afterwards discovered outstanding demands against them which they had no other means of satisfying. And the appellants now insist that those unsatisfied creditors should have been parties.

Had the devise of land, and the residuary bequest to James Caldwell, been charged by the will of his father, the said *William*, with the payment of debts, the unsatisfied creditors might have been necessary parties; because, even though the executors of *James* might pay the amount of their claims to the executors of *William*, still, unless the creditors of *William* should be paid, they might, nevertheless, enforce the trust and compel the representatives of *James* to pay them.

But there was no such trust, for the payment of *William's* debts, the only charge being applicable to legacies merely. The executors of *William* are undoubtedly entitled to restitution of as much of the assets as will be necessary for paying the debts for which they are liable, and as such a restitution will, to the extent of it, exonerate the executors of *James* from all liability to the creditors of *William*, we cannot perceive any solid reason for considering those creditors necessary parties to this suit.

II. Some of the persons made defendants, and in whose favor decrees were rendered, were infants, and did not answer the bill, and this is assigned as a fatal error. Had those infants complained, the decree as to them should be reversed. But it seems to us that as the decree is not void, and will, as long as it stands, bar any suit for the same matter, the fact that it might be reversed by some of the parties in whose favor it has been rendered, should not, therefore, be deemed prejudicial to the appellants or entitle them to a reversal on that ground.

Nor can we admit, as urged in this case, that it was erroneous to decree distribution of the legatory fund among such of those entitled to it as did not, by their answers, expressly seek such decrees. It is a general rule of equity practice, that one defendant cannot be entitled to a decree against a co-defendant without asking for it in a cross bill, alleging a sufficient ground for authorizing such relief, because, otherwise, the end of all pleading might be frustrated, by adjudicating between associates and not antagonists, in court, in favor of a party who had not sought or even intimated a wish to obtain any such interference, and as to a matter not only unlitigated, but never

---

CALDWELL'S EX.
*vs*
KINKEAD *et al.*

If a devisee of land, who has a residuary bequest also, be charged with the payment of debts, the land is held in trust and subject to the payment of debts.—In such case, on bill filed by executor, to have restitution of assets to pay outstanding debts, creditors claiming such demands *may* be necessary parties.—But if legatees only are responsible, the creditors are not necessary parties, they do not hold in trust for the benefit of such creditors. A decree for distribution and payment of legacies, on the bill of adults, made in favor of infants, (tho' not prayed for in their answer,) cannot be reversed at the instance of others.

It is a general rule of chancery practice, that 1 defendant shall not have a decree against his co-defendant, except on cross bill, but this rule is not *universal* and does not apply to the case of a bill by one distributee against adm'r and other distributees, or a bill by one legatee against co-legatees and executor, for dis-

CALDWELL'S EX.
vs
KINKEAD et al.

tributing a fidu-
cial fund; their
interest is deri-
ved from a com-
mon source—in
such a case, ad-
ministrator or ex-
ecutor has a
right to require a
decree settling &
distributing the
entire fund—so
in a suit for set-
tling a partner-
ship.

presented in any form for litigation. But this rule, ex-tending only so far as the reasons for it apply, is not uni-versal. It does not apply to a suit in Chancery by one distributee against an administrator and co-distributee, or one legatee against his co-legatees and the executor, for ascertaining and distributing a fiducial fund, in which all the distributees and legatees have a common interest derived from the same source. In such a case, the ad-ministrator or executor has a right to require a compre-hensive decree, settling and distributing the entire fund among all who may be entitled to it, and the nature of the case and end of the suit, as in a suit for an account or for settling a partnership, dispense with the necessity of formal interpleading.

It this case the bill sought, among other things, an ex-ecutorial account and a decree for the legacy of Mrs. Miller, as bequeathed to her by the will of *James Cald-well*. Such a decree could not be appropriately rendered without finally adjusting the interests of all the legatees under the same will, and the executors of that will ex-pressly prayed for such a decree in their answer.

It seems to us, therefore, that as all the legatees were parties, and are, therefore, concluded by the decree, as rendered, the executors cannot now object to the de-crees in their favor, merely on the ground that they were not formerly prayed for in cross bills or in answers filed by those legatees.

One who re-
ceives a bequest
of land, charged
with the payment
of legacies to
his relation, dies
giving legacies
to those rela-
tions, or some of
them, equal or
greater than
those charged on
the land, such
legacies shall
not be taken as
a "satisfaction"
for the legacies
charged on the
land, but as a
bounty.

III. As the land devised to *James Caldwell* was charged with the legacies bequeathed to others by *William Cald-well*, and as *James* bequethed to some of those legatees, legacies larger than those thus charged on the devise to himself, his executors insist that thereby, there was a pre-sumptive satisfaction. We do not feel authorized, how-ever, to concur in this conclusion. The will of *James* distributes his estate among his collateral kindred, in such a manner as to indicate that each bequest to his father's legatees was made as a bounty to each of them, on ac-count of their propinquity and not as a debt to a stran-ger, who, without any claim as a creditor, would not have been a recipient of that bounty; and this deduction is fortified by the fact, that the charge upon his estate was

collateral and consequential merely, without any direct or personal indebtedness.

We cannot, upon such facts alone, presume a "satisfaction."

IV. Nor can we sustain the objection made to so much of the decree as charges the executors with interest. There is strong ground for presuming that they used the funds in their hands, and though interest is charged by the decree, on the last instalment of the price of the land, for about a year before it was payable, yet this excess is more than counterbalanced by omitting to charge interest on other instalments of greater amount, either paid or bearing interest, for more than a year before the decree charges interest thereon.

V. The objection to the decree in favor of *E. L. Sweeny*, is not, in our opinion, sustainable. He is entitled to one half of the estate, after paying debts, and is also entitled, on attaining twenty-one years of age, to slave Joseph, and to the hire of Joseph in the mean time. The decree allowed to Sweeny neither more nor less than he is thus entitled to demand. The executor, Henry, cannot complain that he is directed to account to *Sweeny* for the hire of Joseph, when *Sweeny* attains majority. He is required, by the will, thus to account, and though the decretal order to that effect may now be irregular and unnecessary, still it cannot operate prejudicially to *Henry*.

Nor can the executors complain of so much of the decree as directs them to pay the amount of Sweeny's pecuniary legacy to his trustee, designated by the *will*—that legacy is vested, and the trustee has a right to receive it now, even though it is bequeathed over on the contingency of Sweeny's death during minority.

VI. Nor do we perceive any valid objection to the decree for an annuity to James Caldwell's mother, as directed by the very first testamentary clause in his will; nor to the amounts decreed to other parties, or the times or manner of payment as directed. By executing the decree, the executors will be exonerated from all further liability to the infant legatees, to whose trustees the decree directs payment.

*[margin notes:]*

CALDWELL'S EX.
vs
KINKEAD et al.

Ex'rs. are properly chargable with interest where there is strong presumptive evidence in the case, that they used the money.

A legacy to be paid when the legatee attains majority, is vested, tho' contingent, and should be paid to a trustee designated by the will.

This Court will not minutely examine every item in the settlement of voluminous accounts, and long arithmetical calculations to find errors where none are specified by the parties.

VII. If there be any available error in the decree it is, in our opinion, only in arithmetical calculations. Our general examination of the record has not detected any such error, and in a case so multifarious, we do not feel it to be our duty to make a very minute and elaborate calculation of every item, when the *appellants* have not *specified* any arithmetical error in any of the details of the decree.

Therefore, perceiving no substantial error, prejudicial to the appellants, the decree, as rendered, must be affirmed.

*Owsley* for appellants: *Apperson* for appellees.