CASE 64—PETITION EQUITY—OCTOBER 25.

8bu343<br>108  716

# Cavin & Elliott v. Williams & Ray.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. ONE DEFENDANT TO A SUIT CAN NOT RECOVER A JUDGMENT AGAINST A CO-DEFENDANT WITHOUT A CROSS-PLEADING, and service of process or an appearance to the cross-pleading by the defendant thereto. (Anderson v. Ward, 6 Monroe, 419; amendment of December 16, 1857, to section 125, Civil Code.)

2. IN AN ACTION ON A PURCHASE-NOTE TO ENFORCE A VENDOR'S LIEN ON LAND, the holder of other purchase-notes being made a party-defendant, such defendant may assert his lien by answer and cross-petition, and service of process thereon, or an appearance thereto, is necessary to authorize a judgment in his favor. In such case formal interpleading is necessary.

   The case of Jenkins v. Smith, &c., 4 Metcalfe, 380, is criticised and disapproved.

3. Service of summons on the party who prosecutes an appeal without appearance in the lower court will not be necessary on the return of the action to that court.

4. VENDORS SHOULD MAKE AND TENDER A GOOD DEED.—Before the vendor and his assignee can be entitled to a specific execution of the contract they should show themselves able to make a good deed for the land, and tender the same.

SWEENEY & STEWART, . . . . . . . . For Appellants,

CITED

2 Duvall, 540, Ruby v. Grace.

G. W. WILLIAMS, }
GEORGE W. RAY, } . . . . . . . . For Appellees,

CITED

Ms. Op., December, 1857, Noe v. Dougherty.
Ms. Op., January, 1856, Ready v. Smith.
4 Metcalfe, 380, Jenkins v. Smith.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee, Williams, against Cavin and others on a note for one thousand dollars, executed by W. W. Cavin to Theresa A. Pope, for an installment on a tract of land sold to Cavin, due January 10, 1871, which note, it is alleged, was assigned by the payee therein to Albert Cox, and by him to appellee, Williams, for a valuable consideration.

He alleges in his petition that said note was executed for the second payment on a tract of land of one hundred and fourteen acres situate in Daviess County, part of a tract owned by John Pope in his life-time; that Geo. W. Ray was his administrator with his will annexed, and was by the will authorized to sell said land; that he and said Theresa Pope sold it to said W. W. Cavin, and executed to him a bond for a conveyance, retaining a lien on the land for the payment of the note sued on *"and others due said Ray;"* that the first installment of the purchase price for one thousand dollars had been paid; that Ray still holds three other notes on Cavin for unpaid balance of purchase-money—one dated January 10, 1869, due two years thereafter, and bearing interest from date, for seven hundred and eighty dollars, and two others bearing

the same date, and due three years thereafter, one for seven hundred and eighty dollars and the other for $407.46, and both carrying interest from date; that all of said notes are unpaid; that said Ray and Pope have perfect title to said land, and are able to convey the same to said Cavin; that the land is of value sufficient to pay all the unpaid purchase-money, and that it will sell for enough to pay the note held by him, if sold subject to the lien of Ray for the payment of the notes which he holds; that Cavin has sold the land to H. C. Elliott since he purchased of Ray, and that Elliott holds it subject to said liens; and he concludes with a prayer for judgment for *his debt*, for the foreclosure of his lien, and for the sale of the land, or so much thereof "as will pay *his debt* and the debt now due to defendant Ray, subject to the lien held by said Ray for the payment of the two above-named notes, which are not yet due, and for other proper relief."

Mrs. Pope, Ray, and Elliott were made defendants. Elliott answered, admitted his contract with Cavin to purchase the land, and made his answer a cross-petition against Ray and Mrs. Pope, called on them to manifest the amount of unpaid purchase-money owing to each of them, and asked that he be permitted to pay the amount he owed for the land to those holding liens on it, to free it from incumbrance.

Ray also answered, and affirmed that the allegations of the petition were true, and prayed for a judgment for his debt, and for a sale of the land described in the petition to pay the same.

Cavin did not answer, and on the same day that Ray filed his answer the cause was submitted on final hearing, and five days thereafter a final judgment was rendered in favor of Williams for the debt owing him, and also judgment in favor of Ray for seven hundred and eighty dollars, the amount of the note due January 10, 1871, and for a sale of the land to pay said amounts and the costs of the suit, subject to Ray's

lien for the two other notes held by him and not then due. From that judgment Cavin and Elliott have appealed.

It is scarcely necessary to remark that Ray's answer must be regarded as a cross-petition; the averment that the allegations of the original petition are true may be treated as a reaffirmation of them, and the prayer for the relief to which the allegations of the petition would entitle him, and which he adopts, fixes its character as a cross-pleading.

But it is contended by appellees, Williams and Ray, that the allegations in the original petition as to the amount of purchase-money owing by Cavin, to whom, and when due, were all necessary to state a cause of action, and that the facts thus alleged were traversable, and Cavin could as well have made an issue on them as if they had been alleged by Ray in a cross-petition; and, being material and not denied, they showed that Ray was entitled to a judgment, and his prayer for a judgment was all that was necessary; and the learned counsel then expresses an opinion that a judgment in favor of Ray might have been properly rendered without such prayer.

The general common law principle is that all judgments are invalid, indeed void, unless the party against whom they are rendered had been served with process. The exceptions to this general rule are mostly statutory regulations, authorizing proceedings *in rem* or constructive service. These exceptions do not apply in this case. And it has long since been settled by this court that one defendant to a suit can not recover a judgment against a co-defendant without a cross-pleading and service of process, or an appearance to the cross-pleading by the defendant thereto. (Anderson v. Ward, 6 Mon. 419.)

These principles are not controverted; but it is insisted that in the class of cases to which this belongs cross-pleadings and service of process are not necessary to authorize the judgment rendered herein, and that the case of Jenkins v.

Smith, &c. (4 Metcalfe, 380) is an authority decisive of this question.

It is conceded that the case referred to is substantially the same in its facts with the one under consideration; but, after mature deliberation, we can not concur in the reasons and the conclusions of the court in that case. In the case cited the rule as laid down in Anderson v. Ward, *supra*, is recognized as the rule of equity practice before the adoption of the Civil Code. But it is said that rule had its exceptions; that it did not apply to suits in chancery by one distributee or legatee against co-distributees or co-legatees, and the personal representative of decedent for the distribution of the fiducial fund; and the case of Jenkins v. Smith, &c., *supra*, being, as the court adjudged, within the reason of the exception, belonged to the same class.

By the amendment of the 17th of December, 1857, to section 125 of Civil Code, a defendant is allowed to make his answer a cross-petition against a co-defendant, or a party not a defendant to the suit, where his cause of action affects the subject-matter of the action; and in such cases service of process is required, either actual or constructive. The general rule is here recognized, and no exception made. Indeed, if a literal meaning be given to said amendment, a summons on such cross-pleading and service thereof, either actual or constructive, is indispensable to authorize any relief, and until that amendment was made cross-pleadings were not allowed by the Civil Code. And this conduces strongly to the conclusion that the legislature did not intend that there should be any exception. The only authority on which Jenkins v. Smith, &c. rests is Caldwell's executors v. Kinkead, &c. (1 B. Mon. 228), which was a suit by legatees against co-legatees and executors, and certainly not precisely analogous to this case, and before the adoption of the Civil Code. A departure from the general rule and the letter of the amendment of the Code, *supra,*

might in some cases produce oppression, while an adherence to it can at most only cause some delay, and in the end more certainly secure enlightened justice.

It seems that in the cases referred to the judgments would not have been sustained if there had not been a prayer in the answer therefor, which is conclusive that the parties thus seeking relief occupied the attitude of plaintiffs, and before the same could be granted them the party against whom they sought it must have had notice, otherwise great wrong and injustice might be suffered.

The judgment, for the reasons herein stated, is reversed, and the cause is remanded with directions for further proceedings consistent herewith. As Cavin prosecutes this appeal, no service of summons will be necessary on him. Before appellees can be entitled to a specific execution of the contract they should show themselves able to make a good deed for the land, and tender the same.