(10 Misc. Rep. 200.)

## PEOPLE ex rel. OLIVER v. BOARD OF POLICE COM'RS OF CITY OF NEW YORK.

(Superior Court of New York City, Special Term.    November, 1894.)

ELECTIONS AND VOTERS—CERTIFICATE OF NOMINATION.
  Under Laws 1892, c. 680, § 57, providing that nominations by voters "shall be made by a certificate signed and acknowledged by such voters, each of whom shall add to his signature his place of residence, and make oath that he is such voter, and has truly stated his residence," the voters must sign both the oath and the certificate.

Application by James Oliver for mandamus to the board of police commissioners of the city of New York.

James Oliver, for the motion.

William H. Clark and Theodore Connoly, opposed.

GILDERSLEEVE, J. This is an application for a peremptory mandamus to compel the board of police commissioners of the city of New York to provide at each polling place in every election district in the Second assembly district of this county, at the coming election, official ballots, on which shall be printed the name of James Oliver for member of assembly for said assembly district, in the manner prescribed by statute. The police board rejected the certificates of nomination of said James Oliver, and he now seeks by mandamus to compel them to accept the same. The only question involved in this application is whether the certificates of nomination are in apparent conformity with the provisions of the statute (Laws 1892, c. 680). It is provided by section 57 of the statute that "the nominations shall be made by a certificate signed and acknowledged by such voters, each of whom shall add to his signature his place of residence, and make oath that he is such voter, and has truly stated his residence." Section 65 of the statute provides that "a certificate of nomination which is in apparent conformity with the provisions of this article shall be valid, unless written objections thereto shall be filed." In this case the candidate has filed the requisite number of certificates, and no objections have been filed. In each instance the voter has signed the certificate, added his place of residence, and acknowledged it before a notary, but has omitted to sign the oath required by the statute. In other words, the voter has signed the paper once, whereas he should have signed it twice,—i. e. once to the certificate of nomination and once to the oath. See People ex rel. Klinker v. Board of Police Com'rs, 31 N. Y. Supp. 469 (Barrett, J.). The facts here presented are precisely the same as those before Mr. Justice Barrett in the Klinker Case. Klinker's application was denied by the learned justice, and an opinion filed which is to be commended. The rule there laid down is a wise and wholesome one, and should be strictly enforced. The oath of the nominor, as evidenced by his signature thereto, is a safeguard against fraud and imposition. Although there is no intimation of fraud in the case under consideration, and I am satisfied of the good faith of the applicant, and that the absence of signatures to the oath is clearly due to inadvertence and want of proper care in the preparation of the certificates, still I am of opinion that the board of police commissioners were warranted in rejecting the certificates, for the reason that they are not in apparent conformity with the provisions of the statute. The motion for a peremptory mandamus should be denied, but without costs. Motion denied, without costs.