## HARRIS v. KING, County Auditor.

Rev. Pol. Code, § 1902, provides for a nomination by petition signed by 20 electors when the election is for an office to be filled by the electors of a division less than the state, and provides that each elector signing a certificate shall add to his signature his place of residence, business, and post office address. **Held** that, where of the 24 persons who signed a petition for the nomination of one for the office of state senator, only 15 added to his signature his place of residence, the petition was insufficient.

(Opinion filed, Nov. 16, 1906.)

Mandamus by the state, on the relation of George W. Harris, to compel W. A. King, as county auditor of Hughes county to print relator's name on ballots as candidate for state senator for the Twenty-fourth senatorial district. Proceedings dismissed.

*Byron S. Payne* and *John Sutherland,* for plaintiff. *Gaffy & Stephens,* for defendant.

HANEY, J.. This was an application to this court, in the name of the state, on the relation of George W. Harris, for a peremptory writ of mandamus commanding the defendant, as auditor, to print relator's name as a candidate for state senator within and for the Twenty-fourth senatorial district, consisting of the counties of Hughes, Hyde, and Sully, on the ballots to be used at the recent general election in Hughes county. It appearing that the Attorney General had neither authorized nor refused to institute the proceedings, the application was amended by substituting the relator as party plaintiff. Smith v. Lawrence, 2 S. D. 185, 49 N. W. 7. It appeared that a petition or certificate, purporting to be signed by 24 electors, naming the plaintiff as a candidate for state senator within and for the Twenty-Fourth district, had been filed with the defendant, as county auditor, within the time prescribed by the statute; that a protest calling attention to certain defects in and objections to the certificate had also been filed; and that the defendand had refused to print the plaintiff's name on the official ballots.

Numerous objections to the granting of plaintiff's application were interposed, only one of which was considered by the court in making its decision. It related to a defect appearing on the face of the certificate. It was defendant's duty to print the name of every candidate whose nomination had been certified or filed "in

the manner provided by law," and to exclude all others. Rev. Pol. Code, § 1886. If the plaintiff had not been nominated "in the manner provided by law" it was defendant's duty to exclude his name from the ballots. If nominated at all, plaintiff's nomination was by an elector's certificate, or what is commonly called a nomination "by petition." Concerning such nominations the statute contains these provisions: "Candidates for public office may be nominated otherwise than by convention or primary meeting, in the manner following: A certificate of nomination containing the name of the candidate for the office to be filled, and such other information as is required to be given in certificates of nomination provided for in section 1900 of this article, may be signed by electors residing within the district or political division in and for which such officer or officers are to be elected in the following numbers, to-wit: Two hundred or more when the nomination is for an office to be filled by the electors of the entire state; twenty or more when the election is for an office to be filled by the electors of a county, district, or other division less than the entire state; and five or more when the nomination is for an office to be filled by the electors of a township, precinct, or ward; provided, however, that the said signatures need not all be appended to one paper. Each elector signing a certificate of nomination shall add to his signature his place of residence, his business, and his postoffice address. Such certificate of nomination may be filed with the same officer, in the same manner, and with the same effect as certificates of like character made by convention or primary meeting." Id. 1902. The relevant portions of section 1900 read as follows: "The certificate of nomination shall be in writing, and shall contain the name of each person nominated, his residence, his business address, and the office for which he is named, and shall designate in not more than five words the party or principle which such convention or primary meeting represents." The language of the statute is clear and unambiguous; its meaning unmistakable. There is no room for doubt as to the legislative intent. It requires that a certificate by electors shall be in writing; that it shall contain the name of the person nominated, his residence, his business address, and the office for which he is named; that it shall

designate in not more than five words the principle which the can-
didate represents; that it shall be signed by the prescribed number
of electors (in this instance 20 or more); and that each elector
signing the same "shall add to his signature his place of residence,
his business, and his post office address." Any one who wishes to
avail himself of the benefits of this law must substantially comply
with its provisions. Lucas v. Ringsrud, 3 S. D. 355, 53 N. W. 426.

What are its requirements with respect to the certificate in
question? (1) Such certificate must have been signed by 20 or
more persons who were in fact resident electors of the Twenty-
fourth senatorial district; (2) it must have contained the pre-
scribed recitals as to the name of the candidate, his residence, his
business address, the principle he represented and the office for
which he was named; and (3) it must have been authenticated by
the genuine signatures of the requisite number of electors, each of
whom must have added to his signature his residence, his business,
and his postoffice address. It will readily be conceded that nomina-
tions should not be made by persons who are not resident electors
of the district or political division in and for which the officer is
to be elected. It would be absurd to contend that a person might
file a paper containing the required recitals and number of names
without the consent of any elector residing within the district, and
the county auditor would be compelled to recognize such paper as
a valid certificate of nomination. To guard against such an impo-
sition the statute requires that each elector joining in the nomina-
tion shall sign his own name, adding thereto his place of residence,
his business and his postoffice address. This is the method pro-
vided for determining whether or not the candidate has been named
by the requisite number of electors residing within the district. It
affords the only means of ascertaining from an inspection of the
certificate whether or not it is genuine. Usually such certificates
are required to be authenticated by affidavits, and when they are
the requirements must be strictly complied with, otherwise there
would be no check upon idle or unsubstantial candidacies. People
v. Board (Sup.) 31 N. Y. Supp. 469; People v. Board (Sup.) 31
N. Y. Supp. 467. Hence, the contention that the statements re-

quired to be added by the elector to his own signature may be sup-
plied by recitals in the body of the certificate is clearly untenable.
The statute expressly declares what the recitals shall be, and what
the elector shall do.   The reason for requiring the elector's resi-
dence, business and postoffice address to be stated in his own hand-
writing is apparent.   If one of these matters may be disregarded,
all may be, and a type-written certificate which in fact represents
the will of but one person would be effectual to secure the printing
of a candidate's name on the official ballots.   This court cannot say
that the residence of the signer is less or more important than his
signature, his business or his postoffice address, because the Legis-
lature has put each upon the same footing, and declared in plain
and unmistakable terms that each shall appear in the handwriting
of the subscribing elector.   Of the 24 persons who signed the plain-
tiff's certificate, only fifteen added to his signature his place of res-
idence.   Therefore, though the certificate recited that all were resi-
dents of the senatorial district, the instrument itself afforded no
evidence that 20 or more electors residing therein had joined in
the nomination.

There was a substantial defect apparent on the face of the cer-
tificate, and the auditor was entirely justified in refusing to print
the plaintiff's name as a candidate.   It may or may not be true that
all the signers were qualified electors of the senatorial district.   It
may or may not be true that the auditor believed or knew them
to be such.   All that was immaterial.   The question was whether
the paper itself afforded the statutory evidence of its own prima
facie validity.   It clearly did not, and, for that reason, it was prop-
erly rejected.   It may be argued that citizens should be facilitated
in the exercise of their right to present independent candidates.
They have been by the extremely liberal rules prescribed by the
statute.   The rules are so plain, simple, and easily complied with
that a departure from their requirements, such as was disclosed
by this proceeding, is wholly inexcusable.   However regrettable in
this instance, the exclusion of plaintiff's name could not have been
avoided without overruling a former decision of this Court (Lucas
v. Ringsrud, supra) ; the effect of which has not been changed by
further legislation since 1892, without having established a prece-

dent which would have removed every safeguard against fraud and imposition in the making of independent nominations, and without having disregarded the clear and explicit directions of the legislative department. If this law is unwise, unjust, or inexpedient, it should be modified by the Legislature, not by this court.

For these reasons, the plaintiff's application was denied, and the proceeding dismissed on the merits.

CORSON, J., having been absent, took no part in the decision.