## Tyson's Admrx. v. Illinois Central Railroad Co., et al.

(Decided December 12, 1912.)

Appeal from Muhlenberg Circuit Court.

1.  Res Adjudicata—Plea of.—The lower court did not err in overruling a demurrer to a pleading setting up a judgment rendered by a U. S. Circuit Court in favor of the pleader; the action in which the plea was made being between the same parties and about the same subject matter as was the action in the U. S. Circuit Court.

2.  Courts—State and Federal—Jurisdiction—Right to Determine.—A Federal Court has a right to determine whether or not it has juris-

diction of an action, and when it assumes jurisdiction and renders a judgment, a State Court can neither ignore its finding nor modify or reverse it.

B. F. PROCTOR, BELCHER & SPARKS, T. O. JONES and PAUL C. GAINES for appellant.

TRABUE, DOOLAN & COX, C. L. SIVLEY and TAYLOR & EAVES for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In February, 1906, appellant filed her petition in the Muhlenberg Circuit Court, against the Illinois Central Railroad Company and one or two individuals who were residents of that county, asking damages for the negligent killing of her husband. She alleged, in substance, that her husband's death was caused by the joint and concurrent negligence of all the defendants. At the March, 1906, appearance term of the court, the railroad company filed its petition for a removal of the case to the United States Circuit Court for the Western District of Kentucky. The petition charged, in effect, that the joinder of the resident defendants with the railroad company was for the purpose only of depriving the railroad of its right to remove the case from the State Circuit Court to the United States Circuit Court, and was, therefore, fraudulent. The State Court overruled the motion to remove, proceeded to try the case and, in September, 1906, rendered a judgment in favor of the plaintiff therein, for $5,000.00. An appeal was prosecuted from that judgment to this court which, in March, 1908, reversed the lower court and remanded the case for another trial. During the prosecution of the case in the State Circuit Court and the Court of Appeals, the railroad company had a transcript of the record in the Muhlenberg Circuit Court, as it existed at the time its motion to remove was overruled, made and filed in the United States Circuit Court on November 27, 1905, and had the case docketed in that court. It appears that the case was continued from term to term in the United States Circuit Court, by consent, but without consent as to jurisdiction, as appears of record, until November 28, 1908, at which time it appears that the case was tried before a jury which rendered a verdict against the plain-

tiff, appellant herein, and her action was dismissed. On a return of the case by this court to the State Circuit Court, the railroad company filed an amended answer in which it pleaded the proceedings and orders made in the case in the United States Circuit Court, and that judgment was rendered in its favor in that court, and had made and filed with its amended answer a copy of the judgment and all the proceedings in that court. Appellant filed a demurrer to this amended answer, which the court overruled and, as she failed to plead further, dismissed her action.

Appellant admits that the judgment rendered by the United States Circuit Court, it being pleaded in the amended answer, defeats her right of recovery in this action, provided the case of C. & O. Ry. Co. v. McCabe, Administratrix, 213 U. S., 207, is followed; she contends, however that it has been modified by the following cases: Enos v. Kentucky Distilleries & Warehouse Co., 189 Fed., 342; Stevenson v. Illinois Central R. R. Co., 192 Fed., 956; Illinois Central R. R. Co. v. Sheegog, 215 U. S., 308, and Chicago, B. & Q. Ry. Co. v. Williard, 220 U. S., 419. She contends that these cases modified the McCabe case, supra, with respect to the force and validity of the orders of a United States Circuit Court made in a case of which it has no jurisdiction This is apparently true to some extent, but the following part of the opinion in the case of C. & O. Ry. Co. v. McCabe, &c., supra, has not been overruled nor modified by any of the opinions referred to, to-wit:

"Conceding that, except for the principle of comity, the State Court may decide the question of jurisdiction for itself, in the absence of an injunction from the Federal Court in aid of its own jurisdiction, or a writ of certiorari requiring the State court to surrender the record under the act of 1875, is the State court obliged to give effect to the judgment of the United States Circuit Court, from which no writ of error is taken, and rendered in the Federal Court after it has sustained its own jurisdiction and refuse to remand the action?

In view of the fact that the question is a Federal one, and that the State court is given no right to review or control the exercise of the jurisdiction of the Federal Court, we think that such Federal judgment cannot be ignored in the State court as one absolutely void for want of jurisdiction, and that such judgment, until reversed by a proper proceeding in this court, is binding

upon the parties, and must be given force when set up in an action.''

According to the authorities cited by appellant, if a writ of error had been prosecuted from the judgment of the United States Circuit Court to the Supreme Court of the United States, the judgment by that court would certainly have been reversed, but none was taken. Conceding that the United States Circuit Court acted erroneously; that it had no jurisdiction, it was within its province to consider whether or not it had jurisdiction, and it assumed it and rendered the judgment referred to. The only question is: Can this court ignore that judgment? The opinion in the case of C. & O. Ry. Co. v. McCabe, &c., supra, expressly says we cannot.

For these reasons, the judgment of the lower court is affirmed.