## Huff et al. v. Black et al.

(Decided May 14, 1935.)

(As Modified on Denial of Rehearing June 11, 1935.)

JESSE K. LEWIS for appellants.

THOMAS D. THEOBALD, Jr., for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

On November 6, 1934, an election was held in the Grayson graded school district to select five members of the board of education. Section 4399-25 of the Kentucky Statutes, Supp. 1934, provides that it shall be the duty of the county clerk to cause to be printed on the school ballot the names of all candidates for membership on a board of education in whose behalf he may be petitioned so to do in writing by not less than fifty legal voters of the school district. The petition must be filed in the office of the county clerk not more than sixty and not less than fifteen days before the day of election. On October 22, 1934, a petition signed by fifty legal voters of the district was filed with the county clerk petitioning him to have the names of S. L. Wom-

ack, E. L. Smith, Austin Fields, G. F. Hockley, and G. B. Gannon printed on the school ballot. Later, on the same day, a second petition signed by fifty legal voters of the district was filed with the clerk petitioning him to have printed on the ballots the names of Walter Sanders, H. F. Black, Frank Fultz, Frank Brown, and T. D. Theobald, Jr. Fultz, Brown, and Theobald later withdrew their names from this petition. Additional petitions signed by thirty-five or more legal voters were filed requesting the clerk to place the names of S. L. Womack, Austin Fields, G. B. Gannon, and Walter Sanders on the school ballot. Five voters who signed the first petition also signed the second petition. The names of Black, Sanders, Womack, Fields, Smith, Hockley, and Gannon were placed on the school ballot as candidates and when the votes were counted it was found that Black, Sanders, Womack, Fields, and Smith had received the highest number. Twenty-eight voters wrote the name of A. R. Huff on ballots in the blank space provided for that purpose and voted for him.

After the election and within the time prescribed for filing a contest, G. F. Hockley filed a petition in the Carter circuit court requesting a recount of the votes. A. R. Huff filed a contest proceeding in which he made E. L. Smith, G. F. Hockley, G. B. Gannon, and H. F. Black defendants. He contested the rights of G. F. Hockley and appellees Black and Smith to the offices claimed by them. He alleged that the petitions of Smith, Hockley, and Black requesting the county clerk to place their names on the ballot as candidates were not signed by the requisite number of voters and that their names were wrongfully placed on the ballots and that all votes cast for them were illegal and void. He admitted that Womack, Fields, Sanders, and Gannon had received more votes than had been cast for him and that their names were legally on the ballots and he asked that the board of election commissioners be required to issue to him a certificate of election. Gannon filed a separate answer admitting the facts set out in Huff's petition and asking that he be declared elected. He did not make his answer a cross petition against his co-defendants.

The two cases were tried together and the court entered a judgment dismissing Hockley's petition and Huff's petition and also the separate answer of Gannon. Huff and Gannon have appealed. Huff's right to con-

test is challenged, but his name was written on the ballots by voters who voted for him, a method provided by law, and he thus was clothed with all the rights of a candidate, one of which is to contest the election of a candidate to whom a certificate has been issued.

In an agreed stipulation of facts the names of five persons are set out who signed both of the petitions on each of which the names of five candidates appeared. It is contended that the names of these five persons should not have been counted on either petition which would leave only forty-five signatures on each when the law requires fifty. Section 1454 of the Kentucky Statutes, which provides that "if any person shall join in nominating, by petition, more than one nominee for any office to be filled, such person shall not be counted as a petitioner for either nomination," is cited in support of this contention. Section 1454 pertains to general elections. The general election laws apply in school elections except in respect of matters concerning which specific provisions have been made in the school code. Hart v. Rose, 255 Ky. 576, 75 S. W. (2d) 43. The Legislature has prescribed the procedure to be followed in filing nominating petitions in school elections. Section 4399-25, Ky. Stats. Supp. 1934, which is part of the school code, prescribes the number of petitioners and the time of filing the petition in the clerk's office. It then reads:

> "Each petition must be signed by the requisite number of qualified persons and shall show the place of residence of each person signing it, and no person shall sign more petitions than the number of offices to be filled."

This section controls and not section 1454. Unlike the latter section, it prohibits a person from signing more petitions than the number of offices to be filled, but it does not invalidate the signature of a person on a petition because he later signs another petition. The petition on which the name of appellee E. L. Smith appeared was valid when it was filed, and it was not invalidated because five of the voters who signed it later signed another petition.

Appellant A. R. Huff concedes that S. L. Womack, Austin Fields, G. B. Gannon, and Walter Sanders received more legal votes than were received by him,

and, as we have concluded that E. L. Smith's name was legally on the ballot, and since he received more votes than Huff, the latter cannot be declared elected. The appellant G. B. Gannon, in his separate answer, admitted that the allegations in Huff's petition that he, Gannon, had received more legal votes than the appellees H. F. Black and E. L. Smith were true and he asked that he be declared elected. He failed to make his answer a cross petition against his codefendants and it is contended by appellees that consequently there was no contest by Gannon of the right of any of the defendants to the office that he claimed, and that if he desired to become a contestant, he should have made his answer a cross petition against his codefendants and had summons issued. Civ. Code Prac. secs. 95 and 96.

In his answer Gannon adopted the allegations of Huff's petition and, in addition, alleged facts sufficient to constitute grounds of contest against Smith and Black. He merely failed to make his answer a cross petition and to have summons issued. A defendant desiring to commence an action against a codefendant, which affects, or is affected by, the original cause of action, must designate his pleading a cross petition and have summons issued in order to bring his codefendant into court in the new action. Horine v. Moore, 14 B. Mon. 311; Carter v. Capshaw, 249 Ky. 483, 60 S. W. (2d) 959. In the instant case, however, the necessity of notice by summons was dispensed with since Gannon's codefendants treated him as a contestant and proof was heard and a stipulation of facts, signed by all parties to the action, was filed on the theory that Gannon, as well as Huff, was contesting the right of Smith and Black to the offices they were claiming.

It is conceded that Gannon's nominating petition was signed by the requisite number of legal voters of the district and that he received 254 legal votes at the election. Black's nominating petition carried fifty signatures but five of the signers had previously signed the petition of five other candidates for the office of member of the school board, the total number to be elected. Section 4399-25 of the Kentucky Statutes Supplement 1934 prohibited them from signing more petitions than the number of offices to be filled and their names cannot be counted on Black's petition. His name, therefore, was illegally printed on the ballots and the votes cast for him were illegal and void and should not

have been counted. Morgan v. Revis, 215 Ky. 30, 284 S. W. 111; Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345.

Gannon, however, cannot be declared elected, since five candidates received more legal votes than he received and only five members of the board were to be elected. The record discloses that Sanders received 392 legal votes; Womack, 382; Fields, 295; Smith, 285; Hockley, 279; and Gannon, 255. Hockley's name was on the petition which we have heretofore held was valid. Hockley was a contestant below, but he did not appeal from the judgment dismissing his petition, and, as he is not a party to this appeal, he cannot be declared elected. It follows, therefore, that a vacancy exists. Kirby v. Creech, 235 Ky. 816, 32 S. W. (2d) 419; Cooper v. Montgomery, 230 Ky. 633, 20 S. W. (2d) 479.

It follows that the circuit court erred in declaring Black elected and to that extent the judgment is reversed with directions to enter a judgment declaring a vacancy. That part of the judgment declaring that Huff and Gannon were not elected is affirmed.