## Bowling v. Amis.

May 23, 1941.

J. H. Asher for appellant.

W. A. Stanfill for appellee.

OPINION ·OF THE COURT BY JUDGE TILFORD—Affirming.

The parties to this appeal were rival candidates at the November, 1940, election for the office of Board Member from Educational Division No. 1 of the Perry County Board of Education. Appellee filed his nominating petition signed by eighty-four qualified voters on the fifty-ninth day preceding the election, and thereafter appellant filed his nominating petition signed by more than one hundred qualified voters, of whom forty-one had previously signed appellee's petition. Claiming that the number of legal voters who had signed appellee's nominating petition was thus reduced below the minimum of fifty required by Kentucky Statutes Supp. 1941, Section 4399-25, and that the nominating petition was otherwise defective, the appellant sought, but was denied, an injunction to prevent appellee's name being placed upon the ballot. At the election appellee received more than twice as many votes as appellant. Thereupon, appellant instituted this contest proceeding on the same grounds that he had previously sought the injunction.

Although appellant procured the signatures of those who had signed appellee's nominating petition upon the representation that it was permissible for them to sign both petitions, he, nevertheless, now contends that under the provisions of Section 1454, Kentucky Statutes, having signed both, they could not be counted as signers of either, and that appellee was thereby rendered ineligible for the office. Conceding that this Court, in the case of Huff et al. v. Black et al., 259 Ky. 550, 82 S. W. (2d) 473, 475, held that the provisions of Section 1454, which relate to general elections, were inapplicable to school elections, since the latter were governed by Section 4399-25 of the School Code, appellant argues that the effect of that decision was nullified by the 1940 amendment to Section 4399-25. But the purpose of the amendment was to adapt the prescribed procedure to the changed conditions arising from the division of County School Districts, in which members of the Board were elected from the county at large, into Educational Divisions, from which single members were elected. Prior to 1940, Section 4399-25 provided:

"Each petition must be signed by the requisite number of qualified persons and shall show the place of residence of each person signing it, and no person shall sign more petitions than the number of offices to be filled."

By the amendment this clause was changed to read:

"Each petition must be signed by the requisite number of qualified persons, and shall show the district or the division of the county district, as the case may be, and the place of residence of each person signing it. In county school district divisions no person shall sign more than one petition, and in independent school districts not more petitions than the number of offices to be filled."

Section 1454 contains the provision:

"If any person shall join in nominating, by petition, more than one nominee for any office to be filled, such person shall not be counted as a petitioner for either nomination."

But, as said in the case of Huff et al. v. Black, supra:

"This section (4399-25) controls and not section

1454. Unlike the latter section, it prohibits a person from signing more petitions than the number of offices to be filled, but it does not invalidate the signature of a person on a petition because he later signs another petition.''

It is obvious that the 1940 amendment did not operate to extend the provisions of Section 1454 to school elections, and that the case cited is conclusive against appellant's present contention.

The remaining ground of contest urged upon our consideration is that appellee's nominating petition did not show the place of residence of the signers as required by Section 4399-25. This alleged defect was not relied on in the petition, but passing this, it is only necessary to inspect the nominating petition in order to ascertain that appellant's contention with regard thereto is likewise without merit. Opposite each signature appears the name and number of the signer's voting precinct and the name of his post office. Since the purpose of the requirement that the place of residence be stated was to enable officials and others interested to determine whether the subscribers were qualified, and, as said by the Chancellor, the post office and residence addresses are usually the same, we have no hesitancy in holding, as did the Chancellor, that the statute was substantially complied with. Moreover, the nominating petition recites:

"* * * each of the undersigned petitioners and subscribers is an elector in educational Division No. 1, Perry County, Kentucky, that the residence and post office addresses of each petitioner is designated on the same line with and opposite to his signature * * *.''

This of itself may be taken as an affirmation that the one address given was both the residence and post office address of the signer.

Judgment affirmed.