## Hays v. Lundy et al.

March 26, 1943.

J. Milton Luker, James M. Hays and Richard A. Hays for appellant.

E. L. Stephens and H. C. Gillis for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

The petition in this action was filed by Delia T. Lundy against Minerva Frances Hays and the Gatliff Coal Company on the 27th day of January, 1941, wherein plaintiff sought to have quieted her title to ten acres of land. Summons issued and was served on the Gatliff Coal Company on February 10, 1941, and Miss Hays entered her appearance by attending the taking of depositions and cross examining plaintiff's witnesses on February 12, 1941. On February 26, 1941, the coal company filed a motion to require the plaintiff to make her petition more definite and certain. On March 11, 1941, the coal company filed a bill of complaint in the United States District Court for the eastern district of Kentucky against Misses Hays and Lundy and Miss Hays' father, James M. Hays, wherein the complainant sought a determination by the court. of the proper location of three patents through which respectively the parties claimed the same land. On March 29, 1941, Miss Hays filed a pleading in this action which she styled answer and counterclaim. In this pleading she attempted to institute an action against the coal company concerning the subject matter of the suit in Federal Court. No summons was ever issued on the "counterclaim." On March 22, 1941, Miss Hays entered her appearance in the suit in the ·Federal Court by filing an answer pleading in abatement the pendency of this action in the Knox circuit court. On July 5, 1941, the coal company filed answer to Miss Lundy's petition in this action and entered a plea in abatement as to the counterclaim of Miss Hays because of the pendency of the action in the Federal Court. Miss Hays' plea in abatement in the Federal Court was overruled, the case set for trial, and judgment entered September 17, 1941, in favor of the coal company. After the entry of that judgment, the coal company filed in this action an amended answer and plea in abatement pleading the judgment of the Federal Court in bar of Miss Hays' right to recover. Upon submission of this case the plea of res judicata was upheld and the counterclaim dismissed.

It is claimed that the court erred in upholding the Federal Court's judgment. Appellant argues that the Federal Court was without jurisdiction of the subject matter of the action because, the case being one in rem, the Knox circuit court had exclusive jurisdiction to settle the controversy, since the action in the Knox circuit

court was instituted prior to that in the Federal Court. It is unnecessary for us to determine whether this is an action in rem or whether in actions in rem a court of concurrent jurisdiction with another, first acquiring jurisdiction, precludes the second court from proceeding on the same subject matter, because we are of the opinion that at the time of the institution of the action in the Federal Court, no controversy had been raised between appellant and appellee in respect to the property which is the subject matter of this action. We are not confronted with the question of whether the Knox circuit court acquired jurisdiction of the controversy between the coal company and Miss Lundy, because the judgment was silent as to their rights as against each other. If appellant's plea styled "counterclaim" can be considered to be a cross petition against the appellee coal company no summons ever issued thereon. It is fundamental that an action instituted by a cross petition does not commence until a summons issues thereon, or, the defendant in the cross petition enters his appearance. Sections 95 and 96, Civil Code of Practice; Cavin & Elliot v. Williams & Ray, 71 Ky. 343, 8 Bush 343; Huff v. Black, 259 Ky. 550, 82 S. W. (2d) 473. Therefore, no controversy existed in the state court between Miss Hays and the coal company until July 5, the date the company filed its plea in abatement. Since previous to that time, viz., May 22, Miss Hays entered her appearance in the action in the Federal Court, the latter was the first of the two courts to obtain jurisdiction of the dispute. Even if the Federal Court did not obtain exclusive jurisdiction of the question (a decision on which is reserved), the judgment rendered previous to the submission of this action is a proper basis for the plea of res judicata asserted in the coal company's amended answer and plea in abatement. Chesapeake & O. Ry Co. v. McCabe, 213 U. S. 207, 29 S. Ct. 430, 53 L. Ed. 765; Tyson's Adm'x v. Illinois C. R. Co., 151 Ky. 185, 151 S. W. 404. Whereas, the pendency of an action in the Federal Court will not always preclude a state court (and vice versa) from proceeding to a decision of the same question in an action instituted after the commencement of the former; where, as here, the Federal Court has acquired jurisdiction and has adjudicated the issue, the state court will recognize the judgment and give it full force.

It follows that the chancellor properly sustained the plea of res judicata resulting in the dismissal of appellant's "counterclaim."

Wherefore, the judgment is affirmed.