Floyd E. Anderson, J.
This is an application for an order invalidating the independent nominating petition of the “ Better Government Party ’ ’, naming therein J. Edward Murray for the office of police justice, and Harold S. Clark, Phillips Cramer and Elmer L. Merrill, for the offices of village trustees, and the independent nominating petition of the “Independent Party” naming therein J. Edward Murray for the office of police justice. Each of these petitions was filed with the village clerk of the Village of Waverly on March 4, 1958 for the purpose of having the names of J. Edward Murray, and Harold S. Clark, Phillips Cramer and Elmer L. Merrill, printed on the official ballot to be used at the annual Village of Waverly election, to be held March 18, 1958. The petition was brought by Albert E. Lewis, Joseph J. Hunan and Paul E. Reinbold, and John E. Ruch, the “Economy Party” candidates for the offices of village trustees and police justice, respectively, against the above-named “Better Government Party” and “Independent Party.” candidates, and naming Charles W. McMahon, village clerk of the Village of Waverly.
The petitioners filed objections to the petitions of the above-named candidates of the “ Better Government Party” and the “ Independent Party ” with the clerk of the Village of Waverly on March 7, 1958, pursuant to section 145 of the Election Law. On the same day, a show cause order was granted by Justice Walter B. Reynolds for a hearing on the petition before this court on March 10,1958.
At the hearing the respondents appeared specially to contest the jurisdiction of the court to hear and determine the petition at this time. It is the respondents’ contention that since the petitioners have filed objections with the clerk of the Village of Waverly, pursuant to section 145 of the Election Law, they must pursue their remedies under that section before resorting to subdivision 2 of section 330 of the Election Law.
Section 145 of the Election Law sets forth, in detail, the procedure to be followed, once objections are filed. However, upon the authority of Matter of O’Connor (Babcock) (180 Misc. 630); Matter of Vona v. Cohen (150 Misc. 649, affd. 240 App. Div. 827, affd. 262 N. Y. 706); and Matter of Le Sawyer v. Board of Elections (207 Misc. 12) the objections of the respondents must be overruled.
Section 330 of the Election Law states as follows:
‘ ‘ The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed *1011 liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require. * * *
“ 2. The nomination of any candidate, or his election to any party position, in a proceeding instituted by any candidate aggrieved or by the chairman of any committee as defined in section two, or, in the case of a nomination made otherwise than at a primary election, by a person who shall have filed objections pursuant to section one hundred forty-five ”.
The petitioners are aggrieved candidates and as such are not required to file objections under section 145 of the Election Law prior to proceeding under section 330. The mere fact that the petitioners did file objections with the village clerk does not act to deprive them of their right to the summary jurisdiction of the Supreme Court under section 330. “ There is no dispute as to the fact that certain objections were registered with the board of elections within three days after the petitions herein had been filed. The Supreme Court, in any event, is vested with summary jurisdiction to determine any questions of law or fact irrespective of whether such questions had previously been raised at the hearings before the board of elections (Election Law, § 333, [sic] as amd. by Laws of 1924, chap. 405).” (Matter of Vona v. Cohen, supra, p. 650.)
In Matter of McGovern (Olson) (180 Misc. 508, 512-513, revd. 266 App. Div. 985, revd. 291 N. Y. 104) the court states: “ Section 330 of the Election Law invoked by petitioner for relief invests the Supreme Court with jurisdiction to summarily determine any question of law or fact arising as to the nomination of any candidate or his election to any party position. Such law declares that proceedings for relief may be instituted as a matter of right. The Supreme Court is admonished to make in each case such an order as justice may require. It is important to note that the Legislature has specifically enjoined the court to construe section 330 in a liberal manner. The clear intention and purpose of the statute is obvious. Broad, extensive and summary power is conferred on the court, the exercise of which is only limited by the sound discretion of the court.”
The cases cited by the respondents, including Matter of Taylor v. Redmond (239 App. Div. 112), and Matter of Dallinger (Bossi) (169 Misc. 150, affd. 255 App. Div. 721) apply only to “ citizen objectors ”, who are required by statute to make objections pursuant to section 145 of the Election Law before proceeding under section 330, and do not apply to “ aggrieved candidates ”.
*1012 Moving to the merits of the petition,. I find as a matter of law, and not as a matter of discretion, that the independent nomination petitions of the “ Better Government Party” and the “Independent Party”, here in question, are invalid for the failure of the signers thereof to have designated upon said petitions the town wherein they reside as required by sections 135 and 138 of the Election Law, and that the village clerk of the Village of Waverly is enjoined from placing upon the ballot, under the names of the “Better Government Party” and the ‘ ‘ Independent Party ’ ’, the names of the candidates designated in each petition. (Matter of Florke v. Meisser, 289 N. Y. 627; Matter of McKeever v. Hornidge, 205 Misc. 362, affd. 283 App. Div. 805, affd. 306 N. Y. 876.)
Submit order.