R. B. HUIE et al., Appellants,

v.

Jewell JONES, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1962.

Rehearing Denied Dec. 14, 1962.

Farland Robbins, Mayfield, for appellants.

L. M. T. Reed, Neely & Reed, Mayfield, for appellee.

MONTGOMERY, Judge.

Jewell Jones sued Luther Gardner and R. B. Huie, county clerk, to keep Gardner's name off the ballot in the November 6, 1962 election for member of the Graves County Board of Education, Division 5. Gardner's motion to dismiss the complaint for failure to state a claim was overruled. Upon a refusal to plead further, judgment was entered enjoining the clerk from placing Gardner's name on the ballot and enjoining Gardner from asserting himself as a candidate. Huie and Gardner appeal.

KRS 160.220 provides that the nominating petition for a member of a board of education shall be signed by not less than fifty legal voters of the district and that the place of residence of each person signing shall be shown. Fifty-eight names were signed to Gardner's petition. Jones challenged three signers for failure to show a place of residence, one signer as not being a legal voter, and six signers who were alleged to have signed both petitions.

Appellants urge that their motion to dismiss for failure to state a claim upon which relief can be granted was erroneously overruled. In considering such motion, the court should not dismiss unless it appears the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Clay, CR 12.02, Comment 7; Perry v. Creech Coal Company, D.C.Ky., 55 F. Supp. 998; Ingram v. Ingram, Ky., 283 S.W.2d 210. Such motion is similar to the former general demurrer, in that the motion admits the well-pleaded facts but challenges the right to relief.

The determination of this case must be made from an examination of the complaint. As will be seen, it has been concluded that the court was right in overruling the motion to dismiss.

It was alleged that no address was given for three of the petitioners: Jessie O. McMurray, Randolph Jones, and Mamie E. Jones. The requirement of KRS 160.220 that the "place of residence" shall be shown has been held to be mandatory. Bogie v. Hill, 286 Ky. 732, 151 S.W.2d 765; Allen v. Hardin, 272 Ky. 396, 114 S. W.2d 494. Considering the allegation of "no address" in connection with the statute as tantamount to an allegation of "no place of residence," it is clear that these three named persons were not proper signers. See Bowling v. Amis, 286 Ky. 738, 151 S.W.2d 760.

It also was alleged that the signatures of W. O. Leonard, Clair Davis, Oleda Woods, Charles A. Woods, Claude Page, and James Tucker appear on both nominating petitions and that Jones' petition was filed first. Appellants contend that the time of signing the petition should determine the validity of the signatures, while appellee urges that the time of filing the petition should control.

In Huff v. Black, 259 Ky. 550, 82 S.W. 2d 473, two petitions were filed on the same day. Five of the petitioners signed both petitions. It was held that the first petition was valid when filed and was not invalidated by the filing of the later petition. The five signatures on the second petition were held to be invalid. See also Bowling v. Amis, 286 Ky. 738, 151 S.W.2d 760.

As a practical matter, the time of filing of the petition is the only determinable time and must control. It might be difficult to show the time a petitioner signed the petitions. In case of duplicate signing by a large number of petitioners (in Bowling v. Amis, there were forty-one), the time element in signing further complicates the problem. Further, the candidate who filed his petition first would not know how many of his signers had been previously induced by the opposing candidate to sign his petition. Therefore, it is concluded that the time of the filing of the petition should control and that the six persons who signed in duplicate are valid signers of Jones' petition and their signatures should not be counted on Gardner's petition.

It also was alleged that one of the signatures on Gardner's petition "appears to be William Creach Womack" and "that William Crach Womack is not a registered voter in Educational District #5." Appellants attack the use of the word "appears." In the light of Cassady v. Jewell, 268 Ky. 643, 105 S.W.2d 810, this may be a valid criticism of the allegation. The pertinent allegation, however, states that Womack is not a registered voter.

KRS 160.220 requires that the signer shall be a legal voter. In Hall v. Reid, Ky., 305 S.W.2d 923, it was held that the signer of a nominating petition filed under KRS 118.080 should be a registered voter legally qualified to vote for the candidate. It has been held that registration is a condition precedent to becoming a qualified voter but it is unnecessary in order to be considered a legal voter. Meffert v. Brown, 132 Ky. 201, 116 S.W. 779, 1177. However, the qualification of a petition signer or the lack thereof should be determined as of the day the petition is filed with the county clerk. Hall v. Reid, Ky., 305 S.W.2d 923; McAuliffe v. Helm, 157 Ky. 626, 163 S.W. 1091. In view of the rule governing sufficiency of the complaint, the allegation as to lack of registration was sufficient to raise the disqualification of Womack.

It is concluded that three signers were disqualified for failure to show place of residence; six signers were disqualified by reason of having previously signed appellee's petition; and one signer was disqualified as not being a legal voter. Striking these ten signatures from the fifty-eight on Gardner's petition leaves forty-eight valid signatures, two short of the statutory requirement. The court was correct in overruling the motion.

It is unnecessary to discuss the other questions presented.

Judgment affirmed.