CHARLES E. SPRINGER, Appellant, v. KEITH L. MOUNT and BEVERLY J. HOPPER, Respondents.

No. 6435

November 25, 1970                          477 P.2d 159

---

*Charles E. Springer,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, State of Nevada, and *Thornton, Guinan & Griswold,* of Reno, for Respondents.

## OPINION

By the Court, COLLINS, C. J.:

Appellant is an independent candidate for Governor of Nevada who purports to qualify for that office by filing with the Secretary of State a certificate of candidacy signed by a number of registered voters equal to at least five percent of the total number of voters who voted for Representative in Congress in the general election of 1968 in the State of Nevada.[1]

Respondents are qualified and registered electors of the State of Nevada who brought an action in the First Judicial District Court contending, among other things, that the certificate of candidacy filed by appellant did not contain a sufficient number of valid signers because at least 97 signers had not fully added their place of residence to their signatures as

---

[1]See NRS 293.200.

required by NRS 293.200(2).[2] The trial judge referred the matter to a master to check and review the several claims, objections and contentions of the parties regarding the validity of the contested signatures on the certificate of candidacy.

The master submitted various reports to the court in which, among other findings, he recommended that 97 of the contested signers be counted as valid. The master's report indicated that of the 97 signers, 66 were from the Reno-Sparks area and gave their appropriate street address but failed to state that such address was within the cities of Reno or Sparks. Twenty-four of those 97 signers included their signature and city or town but gave no street address. The remainder of the 97 signers had similar omissions in the statement of their residence. The master, however, reported to the court that in each case the 97 signers gave sufficient information and addresses to enable him to ascertain from voter registration records that they were registered voters and therefore should be counted as valid signers. The trial judge refused that recommendation and ruled those 97 signers were not valid because they had not added their place of residence along with their signature as required by NRS 293.200(2).

While other points were urged for consideration in the appeal, the inclusion or exclusion of the 97 signatures is crucial. If they are determined to be valid signatures, appellant's certificate of candidacy contained the required number; if not, the certificate does not meet the five percent requirement of NRS 293.200(1) and appellant's name should not appear on the ballot as a candidate for governor at the general election of November 3, 1970.

1. The requirement that signers of a certificate of candidacy on behalf of an independent candidate for public office shall add to his signature his place of residence is obviously intended to permit verification of his status as a registered voter by anyone who may have need or reason to make that inquiry. Verification of a signer's status should be able to be checked with ease and accuracy because, at least in the experience of the people of this state, the question always arises shortly before an election when time is critically short. Nevertheless, the legislature nowhere defines "place of residence," which could be construed to mean anything from a street address, a post office box number, a rural route, a hotel or

---

[2] NRS 293.200(2) reads: "Each signer shall add to his signature his place of residence. One of the signers of each such certificate shall sign an affidavit attesting that the signatures on the certificate are genuine to the best of his knowledge and belief."

apartment house location, or simply the name of a hamlet, town or city. A more meaningful statement by the signer identifying him as a registered voter should be required by the legislature in addition to or in place of his residence, because that is the essential determination to be made in validating his signature on the certificate of candidacy.

2. While this court has never passed squarely on this question, other courts have. Those courts hold that if sufficient identifying information is given by the signer to enable his status as a registered voter to be checked and verified, the statute requiring him to state his residence has been substantially complied with and he is entitled to be counted as a signer. State v. Henderson, 211 N.E.2d 854 (Ohio App. 1965); Bowling v. Amis, 151 S.W.2d 760 (Ky.App. 1941); State v. Ice, 191 N.E. 155 (Ind. 1934). Other jurisdictions following a more strict interpretation have held that anything short of complete compliance with the statutory requirement of address renders the signature invalid and not entitled to be counted. Huie v. Jones, 362 S.W.2d 287 (Ky.App. 1962); Lewis v. Murray, 171 N.Y.S.2d 473 (N.Y. 1958); Harris v. King, 109 N.W. 644 (S.D. 1906). We do not choose to follow those authorities because we believe the people when engaging in political processes should be allowed reasonable latitude in complying with uncertain statutory directions as here. It is well within the ambit of legislative authority, however, to require signers of petitions of this type to state in detail information by which their status as registered voters could be rapidly and accurately determined.

By Order previously entered, we reversed the lower court's ruling on the questioned 97 signers and directed that appellant's name be included upon the ballot at the 1970 general election as a candidate for Governor of Nevada.

BATJER, MOWBRAY, and THOMPSON, JJ., concur.

ZENOFF, J., dissenting:

I dissent. This court ruled in Lundberg v. Koontz, 82 Nev. 360, 418 P.2d 808 (1966), that departures from legislative requirements where public petitions are involved should be given hypertechnical application. In that case which concerned petitions for a certain constitutional amendment, the majority of this court said, and I dissented, that "We must demand strict adherence to the authentication requirements of the constitution governing an initiative petition." It was my opinion then that people should have easy avenue to their government.

However, once a rule is established we should not make

different rules for similar situations. To do so reduces stability in the law. Because the majority of the court in Lundberg v. Koontz, supra, imposed the requirement of strict interpretation which in that case had the effect of depriving thousands of signatories from the right to petition their government, then the same rule of strict applicability should also be applied in this case. The statute requires that the addresses of the signatories accompany the signatures. Certainly the addresses should be sufficiently complete so as to make the location of the signer readily ascertainable.

Reasons for requiring an address alongside the signatories are that the signatures can be readily verified for authenticity and that possibilities of fraud be reduced as much as possible. In the pressures of limited time, such as we faced in this case, it is not reasonable to allow "any old address." Instead, the address should be precise and commensurate with the particular community, all to the end that the person who signs his name be immediately available for verification in the event of a contest. I would uphold the trial court.