## Clark v. Nash, County Court Clerk of Franklin County.

## Lyons v. Nash, County Court Clerk of Franklin County.

(Decided November 1, 1921.)

## Appeal from Franklin Circuit Court.

1.   Elections—Absent Voters Law—Constitutional and Statutory Provisions.—The act of the legislature of 1918, commonly known as the "Absent Voters Law," is unconstitutional and void because repugnant to that part of section 147 of the Constitution of Kentucky which reads: "All elections by the people shall be by secret, official ballot, furnished by public authority to the voters at the polls, and marked by each voter in private at the polls and then and there deposited."

2.   Elections—Presence of Voter at Polls.—One cannot vote in an election unless he be present at the polls and there receive, mark and deposit his ballot.

3.   Elections—Registration of Absent Voters.—As there is no constitutional provision forbidding the registration of absent voters in the manner provided in the act under consideration, that part of it relating to the registration of absent voters is not unconsti-

tutional, and one may register by mail by complying with the act of 1918. Sec. 1520a-2, Ky. Statutes, 1918, third volume.

WILLIAM L. WALLACE for plaintiff.

MORRIS & JONES for defendant.

OPINION BY JUDGE SAMPSON—Overruling a motion for mandatory injunction.

The two above styled causes came together before me, a judge of the Kentucky Court of Appeals, on motions for mandatory injunctions against J. B. Nash, clerk of the Franklin county court, to require him in his official capacity to prepare and cause to be printed a ballot for the municipal election to be held in the city of Frankfort, separate, independent of, and distinct from the ballot prepared and to be printed and used in the general election held in the county of Franklin, which includes the city of Frankfort, at which latter election candidates for state senator, circuit judge, Commonwealth's attorney and the various county officers are to be elected, and to cause the name of plaintiff, William F. Clark, to be printed on said separate municipal ballot as an independent candidate for the office of police judge of the city of Frankfort under a designated devise, and to cause to be printed the name of the other plaintiff, Greene R. Lyons, upon said separate municipal ballot as the Republican nominee and candidate for mayor of the city of Frankfort under the regular Republican device. It is alleged in the respective petitions of the plaintiffs Clark and Lyons (separate actions) that the defendant J. B. Nash as clerk of the Franklin county court, whose duty it is to prepare and cause to be printed the ballots for the regular November election, 1921, is threatening to and will, unless restrained by this court, prepare, print and furnish a joint ballot to be used both in the municipal election in the city of Frankfort and in the county and district election outside of the city of Frankfort and covering the entire county of Franklin, and that under the act of the legislature of 1918, known as the "absent voters law," no person can vote in a municipal election under said "absent voters law," but must appear at the polls in person to receive, mark and cast his ballot, but absent voters may legally, by complying with said act, both register and vote in all general elections held for the selection of county and district officers, and if the clerk is allowed to and does

prepare and distribute a joint ballot for both the munici-
pal and county elections, many persons who are temporar-
ily absent from the county of Franklin but who reside in
the city of Frankfort will receive ballots on which are
printed all of the several candidates' names, including
those for district, county and municipal offices, and such
absent voters will be given an opportunity to and will
mark and vote such ballots in the municipal election in
which such absent voters have no right to participate
and are not legal voters.

Defendant Nash filed both a special and general de-
murrer to each of the petitions, and it is his contention
(1) that the absent voters law is wholly unconstitutional,
(2) section 20 of the act is void and unconstitutional be-
cause it deprives voters having all constitutional rights
to vote for municipal officers of the right to have counted
such ballots as are cast by absent voters, (3) the petition
and application of Clark to have his name placed on
the ballot does not conform to the requirements of the
statute and is insufficient. The so-called absent voters
law says: "The provisions of this act shall not apply to
elections for municipal officers, members of school boards
or trustees of common schools." Plainly, by the terms
of the statute, an absent voter cannot participate in a
municipal election. This being true there is no warrant
in law for furnishing an absent voter with a municipal
ticket for he cannot vote it. He would be furnished a
ballot which he is forbidden by law to cast. Reasoning
thus the plaintiffs, Clark and Lyons, reached the reason-
able conclusion that separate ballots were not only proper
and expedient but legally imperative. To test this ques-
tion these actions were commenced. Defendant Nash in-
sists that the entire absent voters act is unconstitutional
and void because it contravenes an express provision of
our fundamental law. Our Constitution provides, sec.
147, for the holding of elections and empowers the gen-
eral assembly to pass laws for the government of elec-
tions. The same section contains this vital and unambig-
uous provision: "All elections by the people shall be by
secret official ballot, furnished by public authority to the
voters at the polls, and marked by each voter in private
*at the polls* and *then and there deposited."* This clear
and unmistakable provision of the Constitution of Ken-
tucky was not made by the legislature or by judicial unc-
tion but by the people themselves voting upon the ques-
tion. It is, therefore, the supreme law of the state upon

the subject. Manifestly a ballot cannot be "furnished by public authority to the voter *at the polls*" if mailed to him at some address outside of the county where the election is being held, nor can a ballot be "marked" by each voter in "private at the polls" if his ballot is received by him in a foreign state and there marked and mailed back to the clerk as provided by the absent voters law, nor can such ballot when so marked by the voter be "then and there deposited" in the ballot box, unless we give to this plain provision of our Constitution a strained, unnatural or fanciful construction never intended by its framers or the people. Our law-making body overlooked this provision of the Constitution when it undertook to and did pass the absent voters law. It was in the nature of an emergency act. The great world war was on and thousands of our boys were at the front performing a patriotic and a sacred duty to the state and nation, and it was not only thought wise but nothing more than simple justice that these defenders of the flag who were forced to remain at the front in defense of civilization should have a voice in the conduct of political affairs at home. The framers of the Constitution and the people who voted to make it the supreme law of our Commonwealth in the year 1891 (thirty years ago) did not dream of a world war requiring the sending of soldiers to Europe, visualize the needs of the country in such peril, nor think of the injustice which would result from depriving those who sustained the government of a right to participate in its conduct. Had the Constitutional Convention visualized such emergency no doubt the ironclad provision of the Constitution noted above requiring a voter to receive his ballot at the polls and then and there mark and deposit it would have been modifed or omitted altogether from our fundamental law. There is now, however, no such call or emergency as existed at the passage of the act or as would justify this court, if we were inclined to do so, in disregarding the plain and literal meaning of the constitutional provision or in giving to the quoted section a construction which its framers and the whole people clearly did not intend it to have. It therefore follows that the absent voters law enacted in 1918 must be held void, for it must yield to the constitutional provision. It is to be regretted that so convenient, useful and popular legislation should be found in conflict with our basic law. The only remedy is an amendment to the Constitution, which the people can have, if they

wish, allowing the passage of an absent voters act. Other states having laws allowing absent voters to participate in elections have no such constitutional provision to annul it.

As the Constitution does not require one to be at the polls in order to register as a voter what has been said above does not render invalid that part of the absent voters act allowing persons absent from their voting places to register by mail as provided therein.

To his petition in equity plaintiff Clark attached as an exhibit a copy of the petition which he filed with the clerk of the Franklin county court asking that his name be placed upon the ballots as an independent candidate, which latter petition reads as follows:

"To J. B. Nash, county court clerk in and for Franklin county, Kentucky:

"We, the undersigned, being more than twenty in number, citizens and residents of the city of Frankfort, Franklin county, Kentucky, and whose postoffice address and residence is set opposite our respective names herewith, hereby petition you as county court clerk of Franklin county, Kentucky, to be caused to be printed upon the official ballot for the city of Frankfort, Franklin county, Kentucky, at the regular November election, to-wit: November 8, 1921, the name of William E. Clark as a candidate for the office of police judge in and for said city and we respectfully represent and certify as follows: that each of the undersigned petitioners and subscribers is an elector in and for the city of Frankfort, Franklin county, Kentucky, that the residence and postoffice address of each petitioner is designated on the same line with and opposite to his or her signature to this petition, that each of the undersigned petitioners and subscribers desires to and is legally qualified to vote for the said William E. Clark as a candidate for the office of police judge of Frankfort, Franklin county, Kentucky. The undersigned petitioners and subscribers designated 'Independent' as the name of the party and 'Independence' as the title of the principle which the said William E. Clark as such candidate represents, and they further designate the picture of a star as the figure or device by which he shall be designated on the ballots."

This petition is properly signed by twenty-nine voters, giving their addresses, which is more than required by the statute. It is, however, insisted by the defendant Nash that the petition of plaintiff Clark to have his name print-

ed upon the official ballot as a candidate to be voted for at the November election does not conform to the requirements of the statute and is altogether insufficient. By sec. 1453, Ky. Statutes, it is provided that the county court clerk of each county shall cause to be printed on the respective ballots the names of the candidates nominated by conventions and primaries and also such candidates as apply by petition. It sets out the number of petitioners which must sign the petition of a candidate in order to have his name placed on the ballot for a state, district, county or municipal office. The statute then, among other things, says: "Such petition shall state the name and residence of each of such candidates; that he is legally qualified to hold such office; that the subscribers desire and are legally qualified to vote for such candidate, and shall designate a brief name or title of the party or principle which said candidate represents, together with any simple figure or device by which they shall be designated on the ballot." From a reading of the statute it will be observed that the petition of a candidate to have his name placed upon the ballots to be voted for at the election must state, first, the name of the candidate, second, that he is legally qualified to hold such office, or state facts which will manifest such qualifications, third, that the subscribers or petitioners desire and are legally qualified to vote for such candidate. All these and perhaps other requirements are mandatory, not directory. They are of the essence of the petition and are necessary to give to the clerk, a ministerial officer, the necessary information to justify him in placing the name of such petitioner on the ballots. While no set form or specific words are required to constitute a good petition these three requirements must be reasonably met by a substantial compliance with the statute.

The voters who signed the petition of plaintiff Clark stated the name of the candidate which they proposed, but they did not declare him qualified to hold the office of police judge of the city of Frankfort, nor state facts which show such qualifications by averring his residence, age, etc. So far as the petition shows Clark may reside in a foreign state and may be less than 21 years of age. His petition was, therefore, not sufficient to entitle him to the relief which he seeks in this action. An averment in the language of the statute that the proposed candidate is possessed of the requisite qualifications to hold the office for which he is proposed or an averment of

facts which shows his qualification according to the statute sufficient.

The general demurrer to the petition in each case must be sustained. It follows that both the motion of Clark and Lyons for a mandatory injuncion to compel the defendant Nash, clerk of the Franklin county court, to have prepared and printed a separate municipal ballot is overruled.

Chief Justice Hurt and Judges Thomas, Clarke Settle and Clay sat with me in the consideration of these motions and concur in the conclusion expressed above. Judge Quin was absent from the city.