## Ison et al. v. Weddle et al.

(Decided November 9, 1928.)

### Appeal from Letcher Circuit Court.

Elections.—Where contestants' petitions for nomination for town trustees failed to state residence of any of the candidates, that they were legally qualified to hold office, or that subscribers were

legally qualified to vote for such candidates, as required by Ky. Stats., sec. 1453, held, that election clerk was not authorized to place names of contestants on ballots, the statute being mandatory.

ASTOR HOGG and F. G. FIELDS for appellants

D. I. DAY, E. L. FRAZIER and FARMER EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Each of the appellees and contestants below, A. A. Weddle, W. H. Walter, F. C. Cornett, R. B. Caudill, and T. B. Watts, was a candidate at the November, 1927, election for the office of trustee of the town of Blackey in Letcher county. The names of appellees were the only names printed on the official ballots. The names of appellants, Herman Ison, A. Whitaker, Sr., Squire Adams, Lyda Adams, and Wilson Caudill, were written on a large number of ballots in the blank spaces provided therefor, either by the clerk of the election or by the respective voters, and the officers of the election certified that each of the appellants had received more votes than the appellees, and the board of election commissioners awarded each of the appellants a certificate of election.

Appellees instituted this contest, claiming that the names of the appellants were written on the ballots by the clerk of the election, without the voters taking the oath required by law that they were blind, illiterate, or physically disabled, and that the votes counted for appellants were void. Appropriate pleadings made the issues. The trial court found that a number of voters wrote the names of appellants on the ballots and voted for them, and that these votes were valid, but further found that a large number of votes had been cast for appellants by voters who had not written the names of the candidates on the ballots and had not taken the required oath. These votes were deducted as illegal, leaving the appellees with a majority of the legal votes, and it was adjudged that the contestants had been elected.

Contestants, in their notice and grounds of contest, alleged that more than 15 days before the election they filed their petitions of nomination in the office of the clerk of Letcher county, signed by more than 20 names of legal and qualified electors of the town of Blackey, requesting the clerk to place their names upon the official ballots to be voted for as trustees of the town of Blackey.

These petitions were introduced in evidence, and, omitting the names of the signers, are as follows:

> "We, the undersigned voters of the city of Blackey, Kentucky, most respectfully request the Hon. Cro C. Caudill, clerk of the Letcher county court, to place on the ballots the following names to be voted for at the coming November election as trustees of the city of Blackey, Ky."

The contestants sought to get their names on the ballots by complying with section 1453 of our statutes, which reads in part:

> "Such petition shall state the name and residence of each of such candidates; that he is legally qualified to hold such office; that the subscribers desire, and are legally qualified, to vote for such candidate; and shall designate a brief name or title of the party or principle which said candidates represent, together with any simple figure or device by which they shall be designated on the ballot."

The sufficiency of the petitions of nomination was put in issue, and the petitions show there was no substantial compliance with the statute. The petitions failed to state the residence of any of the candidates, or that they were legally qualified to hold the office of trustee, or that the subscribers were legally qualified to vote for such candidates. These requirements of the statute are mandatory, not directory, and we have held that all votes cast for a candidate whose name is printed on the ballots, but who has failed to comply with the mandatory requirements of section 1453, are void. Whitney v. Skinner, 194 Ky. 804, 241 S. W. 350; Lewis v. Mosely, 215 Ky. 573, 286 S. W. 793; Combs v. Dixon, 215 Ky. 566, 286 S. W. 797; Morgan v. Revis, 215 Ky. 30, 284 S. W. 111. In Clark v. Nash, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 304, it was said:

> "From a reading of the statute it will be observed that the petition of a candidate to have his name placed upon the ballots to be voted for at the election must state, first, name of the candidate; second, that he is legally qualified to hold such office, or state facts which will manifest such qualifications; third, that the subscribers or petitioners desire and are legally qualified to vote for such candidate. All these and perhaps other requirements are manda-

tory, not directory. They are of the essence of the petition and are necessary to give to the clerk, a ministerial officer, the necessary information to justify him in placing the name of such petitioner on the ballots. While no set form or specific words are required to constitute a good petition these three requirements must be reasonably met by a substantial compliance with the statute.''

Here there was no substantial compliance with the statute. It follows that the clerk was not authorized to place the names of appellees on the ballots and that they received no legal votes. The appellants having received a number of legal votes, as found by the trial court, judgment should have been entered declaring each of them elected to the office of trustee.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.