## Allen v. Hardin et al.
## Belford v. Same.
(Decided March 1, 1938.)

HANNAH, VAN SANT & McKENZIE for appellants.

WOODS, STEWART & NICKELL and J. R. SOWARDS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

These appeals involve the same questions, and will be considered in one opinion.

At the regular election held in Greenup county on the 2d day of November, 1937, three members of the County Board of Education were to be elected, and there were eleven candidates. The certified vote is as follows:

| | |
|---|---|
| Frank Hardin | 1,529 |
| Willard Meadows | 1,422 |
| Reverend W. M. Oakes | 1,404 |
| G. R. Remines | 1,377 |
| M. V. Allen | 1,150 |
| Elva Belford | 1,141 |
| Kinner Braden | 696 |
| A. F. (Fogg) Sturgill | 686 |
| Henderson N. Collier | 609 |
| Earl Stewart | 365 |
| Liss Young | 333 |

M .V. Allen and Elva Belford filed separate actions contesting the election of Frank Hardin, Willard Meadows, and G. R. Remines on the ground that their nominating petitions did not meet the requirements of either section 1453, or section 4399-25, Kentucky Statutes, and therefore their names were not properly on the school ballot, and the petition in each case was dismissed.

Section 1453, Kentucky Statutes, which is a part of the General Election Law, reads as follows:

"Such petition shall state the name and residence of each of such candidates; that he is legally qualified to hold such office; that the subscribers desire, and are legally qualified, to vote for such candidate."

Section 4399-25, Kentucky Statutes, which is a part of the School Law, reads as follows:

"It shall be the duty of the county clerk to cause to be printed on said ballot the names of all candidates for membership on a board of education, in whose behalf he may be petitioned so to do in writing, by not less than fifty legal voters of a school district; * * * and each petition must be signed by the requisite number of qualified persons and shall show the place of residence of each person signing it."

The first question for consideration is whether section 1453, Kentucky Statutes, supra, or section 4399-25, Kentucky Statutes, supra, is controlling. Although section 1454, Kentucky Statutes, was the particular section involved in that case, we held in Huff v. Black, 259 Ky. 550, 82 S. W. (2d) 473, that the general election laws apply in school elections only in those instances where the school law is silent, and do not apply where the school law contains specific provisions concerning the same subject matter, and on a reconsideration of the question no reason is perceived why we should depart from that rule. It follows that section 4399-25, supra, is controlling.

We come next to the question whether there was a substantial compliance with section 4399-25, Kentucky Statutes, supra. The caption of Meadows' nominating petition is as follows:

"Petition

"To the County Court Clerk of Greenup County, Kentucky.

"We, the undersigned voters ask you to cause the name of Willard Meadows, Greenup County, Kentucky, to be printed on the school ballot to be voted for as member of the Greenup County Board of Education on November 2nd, 1937."

The caption of the Hardin nominating petition is as follows:

"Petition

"To the County Court Clerk of Greenup County, Kentucky.

"We, the undersigned voters of Greenup County, Kentucky ask you to cause the name of Frank Hardin, Greenup County, Kentucky, to be printed on the School Ballot to be voted for as member of the Greenup County Board of Education on November 2nd, 1937."

The caption of the Remines petition is as follows:

"Petition

"To the County Court Clerk of Greenup County, Kentucky.

"We, the undersigned voters of Greenup County, Kentucky ask you to cause the name of G.

R. Remines, Greenup County, Kentucky, to be printed on the School Ballot to be voted for as members of the Greenup County Board of Education on November 2nd, 1937.''

It is true that in Skaggs v. Fyffe, 266 Ky. 337, 98 S. W. (2d) 884, we held that the failure of the petition to state the post office address of each of the subscribers did not render the petition invalid, but it must not be overlooked that one's residence and post office address are not always the same, and there is a substantial difference between the requirement that one's post office be given and the requirement that his residence be stated, and also that the petition in that case did state that all the signers were legal voters of Lawrence county. It is conceded that there are four independent school districts in Greenup county, and under the statute the common school district consists of that part of the county outside of the independent school districts. Section 4399-2, Kentucky Statutes. Not only does Meadows' petition fail to show the place of residence of the signers, but it also fails to show that any of the signers lived in Greenup county. And though the captions of the Hardin and Remines petitions use the words ''We, the undersigned voters of Greenup county,'' not only do the petitions fail to state the places of residence of the signers, but they fail to show that they were voters of the school district. The purpose of requiring the places of residence of the signers to be given is to enable the county clerk and others interested to determine whether the subscribers were qualified to sign the petitions. Not only did the petitions fail to meet the requirements of the statute as to residence, but they utterly failed to give any information on which the county clerk could act. In view of this situation, we are constrained to hold that the petitions of Meadows, Hardin, and Remines were fatally defective, and all the votes which they received were void. Ison v. Weddle, 226 Ky. 201, 10 S. W. (2d) 814; Clark v. Nash, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 304. It follows that M. V. Allen and Elva Belford should have been declared elected.

Wherefore, the judgment in each case is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.