# Bogie v. Hill.

May 23, 1941.

Ross, Ross & Bayer for appellant.

John Noland and Salem W. Moody for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming in part and reversing in part.

June R. Bogie and Dillard Hill were opposing candidates for the office of Member of the Board of Education of Madison County from School District No. 2 at the November, 1940, election. Bogie received 876 votes and Hill 712. Hill filed this action contesting Bogie's election on the ground that his nominating petition did not meet the requirements of sec. 4399-25, Ky. Stats. (Baldwin's 1940 Supplement), in that it failed to show the district, or division of the county district, and the place of residence of each person signing it; therefore, Bogie's name was not properly on the ballot.

After traversing the petition, Bogie's answer pleaded affirmatively that all but two of the sixty signers of his nominating petition were legal voters and residents of School District No. 2, and that the petition furnished sufficient information of that fact; that sec. 4399-25 relative to the place of residence of each signer is directory and not mandatory; that the county court clerk was the judge of the sufficiency of the petition, and he, knowing that the signers were legal voters of the district, filed same; that the statute only required the nominating petition to show the identity of the school division involved in the election from which the candidate is to be elected. A reply completed the issue.

In the recent case of Allen v Hardin, 272 Ky. 396, 114 S. W. (2d) 494, it was held that sec. 4399-25 and not sec. 1453 applies in school elections. That case further held that the provision of sec. 4399-25 relative to the nominating petition showing the place of residence of those who signed it was mandatory. The only change made in this section by the 1940 amendment relative to the residence of the signers of the petition was the addition of the words we have italicized in the excerpt taken from the statute:

"The petitions must be filed in the office of the county clerk * * * and each petition must be signed by the requisite number of qualified persons, and shall show *the district or the division of the county district, as the case may be,* and the place of residence of each person signing it."

As this part of the statute was held to be mandatory with the italicized words omitted, certainly their addition does not prevent it from now being mandatory.

Our question now is to determine whether or not the nominating petition of Bogie sufficiently complied with sec. 4399-25 as amended in 1940. The caption of Bogie's petition reads:

"We, the undersigned legal voters of Madison County Kentucky respectfully petition the County Court Clerk of Madison County, Kentucky to cause the name of June R. Bogie to be printed on the ballot used for the election of members of the County Board of Education in the election of such members in the district No. 2 of Madison County on the regular election day of Nov. 1940, and we further state that we have not signed more than one petition for this office and that said person resides in the school district No. 2 of Madison County, Kentucky."

Under the caption appears the name of 60 signers, of whom only 17 of the required 50 made any attempt to give their place of residence. Therefore, it is unnecessary for us to say whether or not these 17 complied with the statute.

It is earnestly argued in appellant's brief that the caption gives the place of residence of the signers in that "said" (the thirteenth word from the end) refers to "we" and by thus substituting one for the other the

last phrase reads: "And we further state that we have not signed more than one petition for this office and that we (said) person resides in the school district No. 2 of Madison County, Kentucky." It takes no one skilled in grammar to determine that "said" as used in the caption refers to June R. Bogie and not to "we." While the petition was drawn by a layman and not by a lawyer, yet the instrument shows its draftsman was conversant with the rules of grammar and was not one who would mix the singular with the plural. Nor can we accept the argument that there was a typographical error made by omitting the letter "s" from the word "person" and adding it to "resides", as there are no other typographical errors in the instrument. It would be a most strained and unnatural construction if we were to say that "said" referred to "we" and not to June R. Bogie. Indeed, the caption when read as a whole clearly shows that it was intended to give the place of residence and the county district of the candidate only and not of the signers of the petition.

In Allen v. Hardin, 272 Ky. 396, 114 S. W. (2d) 494, 496, the caption of Remines' nominating petition reads:

"We, the undersigned voters of Greenup County, Kentucky, ask you to cause the name of G. R. Remines, Greenup County, Kentucky, to be printed on the School Ballot to be voted for as members of the Greenup County Board of Education on November 2nd, 1937."

It was there held that the petition not only failed to state the place of residence of the signers, but that it failed to show they were qualified voters in the school district. The caption in the nominating petition now before us likewise failed to state the place of residence of the signers, or that they were qualified voters of the school district. As the body of the petition gives nothing but the signers' names in all but 17 instances, Allen v. Hardin, supra, is controlling on the insufficiency of the petition. Should Bogie's argument be accepted that after the election he could plead and prove that the signers resided in the school district wherein the election was held, the effect would be to nullify or abolish this mandatory provision of the statute.

We are not impressed by appellant's argument

that the statute makes the county court clerk the judge of the sufficiency of the petition, and his judgment that it was sufficient, as shown by his act in filing it, cannot be collaterally attacked in an election contest. The county court clerk is a ministerial officer and this statute does not clothe him with judicial authority. Clark v. Nash, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 305. Nor is there merit in appellant's contention that Hill should have instituted an injunction proceeding to prevent Bogie's name from appearing on the ballot, and by failing to do so he is estopped from attacking his nominating certificate in this action. None of the cases involving a nominating certificate hold that the failure to enjoin the placing of a candidate's name on the ballot will estop an unsuccessful candidate from calling in question in an election contest the failure of his opponent's nominating petition to comply with the statute. Skaggs v. Fyffe, 266 Ky. 337, 99 S. W. (2d) 884; Ison v. Weddle, 226 Ky. 201, 10 S. W. (2d) 814; Whitney v. Skinner, 194 Ky. 804, 241 S. W. 350; Morgan v. Revis, 215 Ky. 30, 284 S. W. 111; Allen v. Hardin, 272 Ky. 396, 114 S. W. (2d) 494. As it was mandatory under sec. 4399-25, as amended by the Acts of 1940, c. 71, sec. 2, that the nominating petition should show the places of residence of those who signed it, the chancellor correctly adjudged Bogie's name was not properly on the ballot.

We now approach the question of whether or not the chancellor correctly adjudged Hill to have been elected after holding Bogie was not properly on the ballot. Bogie contends that under sec. 6 of the Kentucky Constitution, "all elections shall be free and equal," as construed in McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581, Hill should not have been declared elected since he had not received a majority of the votes cast. That case holds that where a successful candidate in a primary has violated the Corrupt Practice Act, the candidate having the next highest number of votes receives the nomination; but that in a general election no candidate who has not received a majority of the votes where there are two candidates (or a plurality where there are more than two) is entitled to the office, although the candidate receiving the majority, or plurality, of the legal votes is for any reason disqualified or declared ineligible.

McKinney v. Barker, supra, expressly recited it did not overrule King v. McMahan, 179 Ky. 536, 200 S. W. 956, which latter case is to the effect that when a candidate is not legally on the ballot he cannot receive any legal votes and his opponent, who is legally on the ballot, although receiving a lesser number of votes, is elected because the latter receives all the legal votes cast. King v. McMahan, supra, is unsound in that it holds that the votes cast for a candidate not entitled to be on the ballot are void or illegal votes. Certainly, there is nothing void or illegal about such votes—the invalidity is with the candidate for whom they are cast. McKinney v. Barker, supra (180 Ky. 526, 203 S. W. 305, L. R. A. 1918E, 581) quotes from Sublett v. Bedwell, 47 Miss. 266, 12 Am. Rep. 338: "Without going into the general reasoning, the great weight of American authority, and, as we think, upon the soundest consideration—is, that although the majority vote for a disqualified person, the votes so cast are not illegal, and therefore to be treated as naught; but the result is, if the ineligible candidate cannot take the office, the electors have failed to make a choice. In truth, there has been no election at all, and the minority candidate has no right to the office."

King v. McMahan, supra, is overruled insofar as it holds the votes cast for a candidate not entitled to receive them are illegal and that a candidate in a general election receiving less than a majority, or plurality, of the legal votes cast is entitled to the office. Some of our opinions have followed King v. McMahan on this point, two of the most recent being Ison v. Weddle, 226 Ky. 201, 10 S. W. (2d) 814, and Allen v. Hardin, 272 Ky. 396, 114 S. W. (2d) 494, which cases are likewise overruled insofar as they conflict with what is said herein. McKinney v. Barker, supra, has been generally followed and it is only in rare instances there has been any departure therefrom. Based on the authority of McKinney v. Barker, supra, and cases prior and subsequent thereto, the correct rule was clearly stated in Morgan v. Adams, 250 Ky. 441, 63 S. W. (2d) 479, 480:

"It is a well-settled rule that one receiving less than a plurality of legal votes cannot be declared elected, and the only exception to this rule is where a successful candidate has violated the Corrupt

738

Practice Act (Ky. Stats. sec. 1565b-1 et seq.) in a primary election. This exception cannot be applied in a general election. The candidate for an office who has not received a plurality of the legal votes cast is not entitled to the office, although the candidate who received a plurality of the legal votes is, for any reason, ineligbile.''

That part of the chancellor's judgment which holds Bogie's nominating petition did not entitle him to a place on the ballot is affirmed. But so much of the judgment as holds Hill was elected is reversed, and the office is declared to be vacant.