## JACKSON v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 28, 1952.

Rehearing Denied June 13, 1952.

H. H. Owens, Barbourville, for appellant.

A. E. Funk, Atty. Gen., for appellee.

LATIMER, Justice.

Appellant, Clell Jackson, was indicted and tried for murder. The jury found him

guilty of voluntary manslaughter and fixed his punishment at 10 years in the penitentiary. He is here seeking reversal on the grounds: (1) error of the court in admitting incompetent and rejecting competent evidence; (2) erroneous instructions; and (3) the argument of Commonwealth's Attorney was prejudicially erroneous.

Appellant and decedent, James Hammons, were brothers-in-law, having married sisters. It appears that some disagreement had arisen between these two families over the title to and possession of some land constituting the estate of the parents of the wives of appellant and deceased, Hammons.

The land on which the killing took place was situated across the road from the home of appellant and adjacent to the home of a Mr. and Mrs. Harris. The evidence shows that Hammons had placed a stack of mining timber taken from the land over which there was a controversy, near the Harris home.

On this fateful afternoon, the deceased and his wife, Mabel Hammons, went to this tract of land which at that time was rented to Dora Merida. They discovered that some of the stack of mine timber had been scattered. After restacking same, Hammons then went to the Harris home to make inquiry as to who had been scattering and carrying off his timber. Arnold and Jewel Jackson, son and daughter of appellant, were at the Harris home. A controversy arose between the Hammons' and the son and daughter of appellant, which resulted in a brawl. The evidence discloses that during the fight the deceased Hammons beat these children with a stick; that immediately thereafter appellant, with pistol in hand, appeared on the scene. The evidence shows conclusively that the deceased had a large stick or club but there is a conflict as to whether or not he was advancing on Jackson with this club. On the basis of this evidence, the jury concluded that appellant acted under provocation and returned a verdict of voluntary manslaughter.

The incompetent evidence complained of was the testimony of Dora Merida. On cross-examination this witness was asked whether she had been convicted of a felony. In response, she said that she had been convicted by a jury's verdict. She was then asked if she was convicted in this court by a jury. She answered: "Yes." She was then asked: "For what?" At this point objection was made and the court said: "If it's the matter about which I am thinking, it isn't a conviction. It's a probated sentence." The objection was sustained and by means of avowal these questions and answers were placed in the record:

"Q. What were you convicted for? A. False swearing.

"Q. And you were probated by the Judge? A. Yes, sir."

At this point counsel moved the court to exclude from the consideration of the jury all the evidence of the witness, on the grounds that the witness had been convicted of false swearing. The motion was overruled.

KRS 432.170 denounces the offense of false swearing. KRS 421.090 provides: "A person convicted of any of the offenses described in KRS 432.160 to 432.180 shall ever afterward be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever except that he may testify in his own behalf in a criminal prosecution."

Apparently the court below took the position that because the sentence had been probated there was no conviction. The court no doubt followed the position of the Commonwealth that there must be the entry of a final judgment of conviction. Appellee in support of that position cites Foure v. Commonwealth, 214 Ky. 620, 283 S.W. 958 and Davidson v. Commonwealth, 261 Ky. 158, 87 S.W.2d 119. A reading of these cases clearly shows that the rule announced therein is not applicable here. In the first of the cases, the witness was asked if he had been convicted of a felony. At the time the question was asked the cause was in the Court of Appeals, where it could possibly have been reversed followed by acquittal upon another trial. The court properly held the question was improper before final judgment. The opinion in the case of Davidson v. Commonwealth,

cites the Foure case, but announces no different rule.

In addition to the cases cited above, we might mention Prewitt v. Wilson, 242 Ky. 231, 46 S.W.2d 90, which apparently supports the view of the cases cited in brief. However, it will be noted that the decision in these cases rests upon the fact that some other action might be taken, such as a pending appeal or an order to keep the defendants in jail until further orders of the court which may be for the purpose of considering a motion and grounds for a new trial, but all looking toward something that might have to do with the finality of the judgment. In the instant case, we have a verdict of conviction with a probated sentence.

■■■ KRS 439.020 provides that the court may postpone judgment, suspend sentence and probate the defendant. It is significant that the order of a probation must rest upon something. That something is the jury's verdict of guilty. There was a legal determination of that contested fact. The verdict of the jury ascertained and published the fact of guilt. Probation merely suspends the judgment which necessarily rests upon the ascertained fact of guilt. Obviously, the court may have set aside the entire verdict upon motion and grounds for a new trial if, in his judgment, this should have been done and again try the defendant on the charge, or upon refusal, defendant could have prosecuted an appeal. Instead, both the court and the defendant accepted the verdict of the jury and permitted it to stand. Based upon that verdict, accepted as final, the court postponed the entry of the judgment and the defendant accepted the benefits of the order of probation. We think the evidence of this witness should have been excluded. For this reason, the judgment will have to be reversed.

■■■ Complaint is made that the court refused to permit the introduction of evidence of what occurred immediately preceding the killing which it is claimed would have tendency to show the condition of mind of appellant. Defendant undertook to show that at the time immediately preceding the killing, when the brawl took place between the deceased and defendant's children, that the deceased struck these children with a club. Effort was made also to introduce the bloody clothes of children. These facts were not communicated to appellant and could have no bearing on his frame of mind. Defendant was permitted to show that his attention was attracted by the screams and cries of these children and that he rushed to the Harris home and that on his way he was told by one who had witnessed the brawl that the deceased had killed his son and that when he reached the scene he saw his daughter with blood streaming down her face and on her clothes, and that he then encountered the deceased with club in hand advancing toward him. Although not so stated in the brief, we infer that appellant is insisting that these other facts were so substantially contemporaneous with the offense charged and so closely connected with it as to form a part of the main transaction and admissible as res gestae. Whether or not evidence is part of the res depends upon the circumstances of the particular case. Certainly it must not relate to a past occurrence and must have such spontaneity and logical relation to the main transaction as to preclude the idea of deliberation and fabrication. Although precedent in point of time, the screams and cries of the children, attracting the attention of appellant, obviously become integral parts of the transaction. See Trevillian v. Boswell, 241 Ky. 237, 43 S.W.2d 715. But the uncommunicated facts and circumstances which occasioned the screams of these children have no logical relation with the main transaction. The court properly excluded this evidence.

We think it unnecessary to discuss the other questions raised as most likley upon another trial they will not arise.

The judgment is reversed for proceedings not inconsistent herewith.