**Clell JACKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1955.

R. L. Brown, Williamsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Justice.

Clell Jackson was indicted for the murder of James Hammons. He was convicted of voluntary manslaughter and sentenced to twenty-one years' confinement. This is the second appeal of this case. The first opinion may be found in Ky., 249 S.W.2d 20.

On this appeal, appellant complains that the court erred in not admitting evidence concerning a prior difficulty between the children of appellant and the deceased, and as a second ground, complains of the demeanor of Mabel Hammons, widow of the victim, while she was testifying.

The testimony on the second trial was substantially the same as introduced on the first. The circumstances of the killing are set forth in the first opinion. The nature of the questions raised on appeal renders it unnecessary to review them.

The first ground urged for reversal also was complained of on the first appeal.

The Court held on that appeal that the evidence with reference to the difficulty between the deceased and the two children of the appellant was not admissible for the purpose of showing the state or condition of mind of the deceased immediately preceding the killing because these facts were not communicated to the appellant prior to the shooting, and, therefore, could not have had any influence on his conduct or state of mind at that time. Jackson v. Commonwealth of Kentucky, Ky., 249 S.W.2d 20. The case of Burchfield v. Commonwealth, 299 Ky. 549, 186 S.W.2d 412, may be distinguished from the present case because the acts not admitted in the Burchfield case were the acts showing the attitude of the appellant prior to the killing, while here, the evidence complained of might show the attitude of the victim, but not having been communicated to appellant, would have no influence on his state of mind. The trial court properly excluded this testimony.

■ The second ground for reversal is based upon the conduct of Mabel Hammons, widow of the victim. She became emotionally upset and cried in the presence of the jury while testifying. Apparently, from the record, she regained her composure and continued to answer such questions as were asked her. One juror also was seen with tears in his eyes at this time, and the appellant's counsel moved the court to declare a mistrial and continue the case because of such conduct. The trial court denied the motion. It is insisted that this was very prejudicial, especially in view of the fact that the verdict was signed by the same juror who had been seen with tears in his eyes.

It is a frequent occurrence in homicide cases that the next of kin or other close relatives, under the stress of testifying, or when confronted with personal belongings of the deceased, become emotionally upset, cry, and lose their composure. These are matters that cannot be anticipated and cannot be prevented by denying such persons the right to be present in the courtroom during the trial. Frequently, the widow, as in this case, or next of kin may be a witness

or the person necessary to assist the officers prosecuting the case. Had counsel for appellant requested the court, it would have been the duty of the court to admonish the jury concerning such disturbance. However, since no such request appears to have been made, the failure to give the admonition and the conduct complained of are not considered prejudicial. The court properly refused to discharge the jury. Stevens v. Commonwealth, 124 Ky. 32, 98 S.W. 284; Taylor v. Commonwealth, 269 Ky. 656, 108 S.W.2d 645; Blackburn v. Commonwealth, Ky., 247 S.W.2d 528.

Judgment affirmed.

HOGG, J., not sitting.