**Arnold Ray JOHNSON, Appellant,**

**v.**

**Buddy SHEPHERD, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1975.

As Modified on Denial of Rehearing
April 25, 1975.

---

Daniel B. Boone, Jack M. Lowery, Jr., Louisville, for appellant.

J. D. Buckman, Jr., C. V. Sanders, Shepherdsville, for appellee.

CULLEN, Commissioner.

Arnold Ray Johnson and Buddy Shepherd were opposing candidates for the Democratic nomination for the office of Sheriff of Bullitt County in the 1973 primary election. Shepherd won the nomination and Johnson brought a contest suit, charging a violation of the Corrupt Practices Act. Shepherd moved to dismiss on the ground that Johnson was not an eligible candidate, by reason of the fact that several years previously, while a resident of Ohio, he had been convicted in Ohio of a felony, which created a disqualification from holding a Kentucky office that could be removed only by a restoration of citizenship by the Governor of *Kentucky*; that while Johnson had been restored to citizenship by the Governor of *Ohio*, this did not restore his citizenship in Kentucky; and that since Johnson was not an eligible candidate he had no standing to maintain a contest suit, which under KRS 123.991(2) can be brought only by the registry or by a "candidate for the office." The circuit court found merit in the grounds for dismissal, and entered judgment dismissing the action. Johnson has appealed.

We find it unnecessary to pass on the question of whether, by reason of lack of a restoration to citizenship by the Governor of Kentucky, Johnson was ineligible to be a candidate for the office in question, because it is our opinion that Johnson's eligibility of the office cannot be brought in question in this action, and since he was in fact a candidate he had standing to bring the contest suit.

Our cases have established firmly the proposition that the question of the eligibility or legal qualifications of the *successful* candidate for the office in question cannot be passed upon in a contest suit. Those cases, many in number, are cited in Fletcher v. Wilson, Ky., 495 S.W.2d 787 at 792. As stated in *Fletcher*, those cases established a *policy* that questions of "eligibility of a candidate for nomination or election should * * * be determined before the voting takes place." *Fletcher* held that questions of eligibility should and may be determined before the voting takes place, and may be raised by any voter qualified to vote for the office in question.

The policy considerations which dictate that questions of eligibility be determined before the voting takes place are applicable equally to the *unsuccessful* candidate as to the *successful* candidate; in fact, at the time the question is to be raised the matter of success in the election is yet to be determined. Accordingly, it is our opinion that in a contest suit the contestee has no more standing to question the eligibility of the

contestant than the latter has to question that of the former.

The matter of Johnson's eligiblity not being open to question in the contest suit, the trial court erred in dismissing the suit.

Woods v. Mills, Ky., 503 S.W.2d 706 (1974) is distinguishable because in *Woods* no hint was made as to any issue of the right of the contestant to question the qualifications of the winning candidate. In the case at bar Johnson maintained that his qualifications as a candidate were not subject to question because he was a candidate in fact, thus raising the issue.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.