**Buddy SHEPHERD, Appellant,**

v.

**Arnold Ray JOHNSON and Daniel B. Boone, Appellees.**

Supreme Court of Kentucky.

Jan. 9, 1976.

Rehearing Denied May 7, 1976.

J. D. Buckman, Jr., Shepherdsville, for appellant.

Daniel B. Boone, Louisville, for appellees.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Bullitt Circuit Court which determined, pursuant to the "Corrupt Practices Act," that the election of the appellant, Shepherd, to the office of Sheriff of Bullitt County was void, that the office was vacant and that the appellee, Boone, attorney for the appellee, Johnson, was entitled to recover a fee for his services from Shepherd.

This is the second time this case has visited us. Those interested in its history should examine *Johnson v. Shepherd,* Ky., 521 S.W.2d 247 (1975).

Johnson and Shepherd were opposing candidates for the Democratic nomination for the office of Sheriff of Bullitt County at the May 1973 primary election. Shepherd won the nomination and Johnson finished third out of six. Shepherd won the general election on November 6, 1973. On November 8, 1973 Johnson brought this action pursuant to KRS 123.991(2) which provides:

"The nomination for, or election to, an office of any candidate who violates any provision of KRS 123.005 or 123.051 to 123.101, or whose campaign treasurer violates a provision of KRS 123.005 or 123.-051 to 123.101, with such candidate's knowledge, shall be void, and the office or candidacy shall be filled as provided by law for the filling of a vacancy. An action to declare a vacancy under this subsection may be brought by the registry or any candidate for the office sought to be declared vacant."

The gist of the action is a violation of KRS 123.095(1) which provides in pertinent part:

"All newspaper or magazine advertising, *posters, circulars,* billboards, *handbills,* sample ballots and paid-for television or radio announcements with reference to or intended for, the support or defeat of a candidate or group of candidates for nomination or election to any public office shall be identified by the words 'paid for by' followed by the name and address of the payer, or the committee, organization or association and its treasurer, on whose behalf the communication appears." (Emphasis supplied)

The activity which the trial court found to be in violation of the statute was the distribution by Shepherd prior to the primary of Xerox copies of a document which consisted of Johnson's "FBI rap sheet" upon which Johnson's "mug shot" had been superimposed and which did not bear the words of identity required by the statute.

■ The distribution was neither wide nor to the general public, but was to a few friends and influential citizens. Recognizing that the legislature used the words "posters," "circulars" and "handbills" in their ordinary sense, an examination of Webster's Third New International Dictionary, Unabridged Edition, and The Random House Dictionary of the English Language, Unabridged Edition, discloses that the definition of "handbill" fits these papers and their use as perfectly as "Cinderella's shoe." To this point the reasoning of the trial court is faultless.

■ Unfortunately, this trek through the semantic jungle is not dispositive of this case. In *Hardin v. Horn*, 184 Ky. 548, 212 S.W. 573 (1919), a case which appellant failed to call to the attention of the trial court, we held that violations of the "Corrupt Practices Act" in securing the nomination were not violations which would justify adjudging the general election to be void. This case has not been over-ruled. Sound public policy still dictates that a defeated candidate, or for that matter a public officer or agency, should not be permitted to sit back after the primary and wait until a general election has been held, and only then complain of violations of the "Act" in the primary and seek to void the general election. The rule is that violations in the primary are only grounds to void the nomination and that unless that relief is promptly sought it is precluded. Cf. KRS 118.-110(2) now KRS 118.345(2). The one year period mentioned in KRS 123.991(4) is a limitation on the commencement of criminal prosecutions, not an extension of time for the commencement of civil actions.

■ Since this action was not commenced until two days after the general election had been held, the trial court was in error when it granted relief to the appellee, Johnson.

■ The "Corrupt Practices Act" makes no provision for the recovery of fees for the services of counsel for a successful plaintiff and the common law mandates no such relief. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The trial court erred when it awarded a fee to the appellee, Boone.

The judgment is reversed and the cause is remanded with directions to enter a judgment dismissing the complaint.

All concur.